# West Chicago Street Railroad Company

## v.

# Patrick Martin.

*Railroads—Negligence of—Personal Injuries—Instructions.*

1. A common carrier is under obligation to use the highest diligence to prevent injuries to passengers from collision with cars or engines of another road, and where passengers themselves, guilty of no negligence, are injured in consequence of such collision, a *prima facie* presumption of negligence on the part of the carrier arises. The duty of the carrier depends upon the circumstances surrounding the carriage.

2. A court refusing to admit a given contract in evidence, should not give instructions based upon the hypothesis that such a contract existed.

3. If an instruction is proper it will not be made vicious because given at the instance of one who was not in a position to demand it.

4. If the safety of passengers upon a train approaching a point where tracks cross, depends upon the going forward of servants of such train to scan the track to see whether other trains are approaching, it is negligence to fail to do so.

[Opinion filed January 27, 1893.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Appellee, on the morning of the 4th of July, was being carried as a passenger by appellant.

The car in which he rode while crossing the tracks of the Chicago & North Western Railway Co., was struck by an engine belonging to that road, and appellee sustained serious injuries.

He brought an action against each of the railway companies, joining them as defendants, and recovered against both a verdict and judgment for $12,000; from this judgment appellant, alone, has taken and prosecutes this appeal.

Upon the trial there was evidence that upon the arrival of appellant's car at the Rockwell street crossing, the gates there placed were down, and a freight train was passing; that as soon as the gates were raised by the man in the signal tower, appellant's conductor, who had gone ahead of the car, gave a signal to the driver to come on; that he gave this signal before the freight train had completely passed; that as soon as the freight train was entirely by, the driver of appellant's car started on and went directly in front of an engine going in a direction opposite to that in which the freight train was moving; that this engine belonged to the North Western Railway Company, and had no light save a small lantern; it struck appellant's car, throwing it some thirty feet.

Messrs. KEEP & LOWDEN, for appellant.

Messrs. RICHOLSON, MATSON & PEASE, for appellee.

MR. JUSTICE WATERMAN. A common carrier is under obligation to use the highest diligence to prevent injuries to passengers, from collision with cars or engines of another road; and where passengers, themselves guilty of no negli-

gence, are injured in consequence of such collision, a *prima facie* presumption of negligence on the part of the carrier arises.

In the present case, not only was there under the undisputed evidence, such presumption, but from the testimony of the witness Southworth as to the conduct of the conductor of the car in which appellee was riding, the jury might have found that appellant was negligent.

Under the evidence the jury were fully warranted in finding a verdict against appellant, and it is in view of such evidence that the errors committeed by the trial court must be considered.

Upon the trial the North Western Railway Company offered in evidence an alleged contract between it and appellant, relating to the duty of appellant in looking out at the Rockwell street crossing for trains belonging to the Northwestern road. The introduction of this being objected to, the court refused to admit it, yet gave two instructions based upon the hypothesis that such a contract existed.

This was obvious error, yet we do not think that appellant was prejudiced thereby.

The first of the two instructions relating to the alleged contract concludes as follows:

" The jury are instructed, as a matter of law applicable to this case, that if they believe from the evidence that the Chicago West Division Railway Company, of which the defendant, the West Chicago Street Railroad Company, is the successor, entered into a contract with the defendant, the Chicago & North Western Railway Company, regarding the crossing of the tracks of the two companies at West Madison and Rockwell streets, and that it was agreed in said contract that it should be the duty of the employes of the street car company to ascertain, before attempting to effect a crossing, whether an engine or train of the Chicago & North Western Railway Company was approaching Madison street in either direction, and if you believe from the evidence that such contract was in force, and binding upon the defendant, the West Chicago Street Railroad

Company, at the time of the accident, and that the servants of said company were guilty of negligence as charged by the plaintiff in his said declaration, and as a result of such negligence, if any, the street car was struck and the plaintiff injured, while he was in the exercise of ordinary care for his own safety, you will find the defendant, the West Chicago Street Railroad Company, guilty."

Conjoined as was the reference to the supposed contract between appellant and the North Western Railway Company, with the statements concerning a finding of negligence on the part of appellant, and ordinary care by appellee, the entire instruction became, in this case, harmless, for clearly, if what follows after the words "and that the servants of said" be true, a verdict should have been given against appellant.

The second instruction upon this subject was: "The jury are instructed, as a matter of law applicable to this case, that by virtue of an agreement between the Chicago West Division Railroad Company and the Chicago & North Western Railway Company, introduced in evidence (it being admitted that the defendant, the West Chicago Street Railroad Company, is the successor of the said Chicago West Division Railroad Company), it was the duty of the conductor, or other employe of the street railroad company, to exercise all reasonable precautions to ascertain himself, before attempting to go over the crossing with a street car, whether an engine or train of the railway was approaching Madison street in either direction."

The allusions to the contract, of which there was no evidence, ought not to have been made, but the pith of the instruction, that "it was the duty of the conductor to exercise all reasonable precautions to ascertain himself, before attempting to go over the crossing with a street car, whether an engine or train of the railway was approaching Madison street in either direction," was a very mild way of stating the high degree of diligence appellant was bound to exercise.

The court, at the instance of the Chicago & North West-

ern Railway Company gave the following instruction: "The jury are instructed, as a matter of law applicable to this case, that if you believe from the evidence that the plaintiff, for a reward, became a passenger upon said street car, and was injured while being carried, such injury raises a presumption of negligence on the part of the defendant, the West Chicago Street Railroad Company, and to rebut such presumption and to prevent a recovery against it, said defendant must show affirmatively, that it was free from any negligence charged in the declaration contributing to such injury, if it shall appear from the evidence that the plaintiff was, before and at the time of his injury, exercising ordinary care for his own safety."

While we hardly see upon what theory the North Western Railway Company was entitled to have given instructions as to the duty and liability of appellant, yet if an instruction is proper, it will not be made vicious because given at the instance of one who was not in a position to demand it.

The instruction is faulty, and in many cases would be likely to mislead; but under the state of the case in which it was given, we do not think that the jury could have been misled thereby. This cause was not tried upon the theory that it was sufficient for the plaintiff to present its declaration and there stop; much, and, as we think, sufficient evidence was adduced by the plaintiff to sustain the allegations thereof; and the jury could, under the circumstances, have understood this instruction only as telling them that, under the undisputed facts, the burden rested upon appellant of showing that it had not been guilty of' the negligence charged in the declaration, of which a *prima facie* presumption was raised by the plaintiff's evidence.

It is urged that the plaintiff did not, in his declaration, proceed upon the theory that being a passenger of appellant, a collision occurred, by which he was injured, and that thereby a presumption of negligence of the carrier arose; but instead, went on to specify negligence of which he alleged appellant had been guilty; that such being the

declaration, a recovery can only be had upon proof of the negligence specified therein. And it is asked if this court will presume not only that the collision occurred through the negligence of appellant, but through the specific negligence set forth in the declaration.

The court was not, under the evidence, called upon to presume that the collision occurred in consequence of the negligence of appellant; we think that the evidence tended so strongly to show a neglect on the part of appellant to use the high degree of diligence its obligation to appellee demanded, that had there been a verdict for appellant, it would have been the duty of the trial court to set the same aside. Central Passenger Ry. Co. v. Kuhn, 86 Ky. 578.

A common carrier of passengers is bound to provide for their safety, so far as human foresight and care can. Hutchinson on Carriers, Sec. 501.

What a carrier is to do in this regard depends upon the circumstances surrounding the carriage; and it is difficult to say what the limitations of care are, beyond which a carrier need not go, at grade crossings, over which locomotives pass at frequent intervals. Such crossings are well known to be places of imminent peril; collisions at them are not of infrequent occurrence; the diligence of the carrier at these points must be proportioned to their well known danger.

A declaration in this case alleged that the servants of appellant failed, at the crossing, to go forward upon the tracks of the North Western Railway Company to a position where could be ascertained the fact whether or not the cars of said North Western Railway Company were approaching said crossing. We think that it was appellant's duty so to have done, and that the evidence shows that there was such failure. If the safety of its passengers depended upon a search up and down the North Western track, we think such search should have been made.

It is immaterial that the negligence of the Chicago & North Western Railway Company may have been greater than that of appellant; the question presented, so far as appellant is concerned, is, did it perform its duty toward appellee, its passenger?

We do not wish to be understood as approving of the giving in this case of either of the instructions commented upon. · We disregard whatever error there was in giving them, because of the facts clearly proven in the case, and affirm the judgment, because, however defectively the negligence of appellant shown upon the trial is stated in the declaration, enough is there stated to, under the evidence in the case, warrant the judgment rendered.

*Judgment affirmed.*