## Chicago Union Traction Company v. John G. Leonard.

### Gen. No. 12,369.

1. NEGLIGENCE—*effect of specific allegation of.* Where the declaration alleges negligence in the doing or in the not doing of a specific thing, it is upon those allegations and upon those alone that a recovery can be had.

2. NEGLIGENCE—*when burden of proof to controvert charge of, is not upon carrier.* Proof of the relation of carrier and passenger and proof of the injury do not, in every case, make a *prima facie* showing for the passenger and cast the burden of proof upon the carrier to show that the injury resulted without its carelessness; it depends on the nature of the declaration.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed April 19, 1906.

**Statement by the Court.** This appeal is taken from a judgment of the Circuit Court of Cook County in favor of appellee against appellant for $1,000. The judgment was rendered February 4, 1905, after a motion for a new trial

and a motion in arrest of judgment by the defendant had been denied. It was on a verdict of a jury rendered December 15, 1904.

The declaration contained two counts. The first averred that the plaintiff on January 2, 1902, became a passenger on one of the cars of the defendant on a street railroad in its control and paid his fare thereon; that while with due care and diligence he was standing on the front platform of said car, the defendant, by its servants, suddenly and carelessly started and moved said car forward, causing the plaintiff's body to sway backwards towards the door in said car, and the defendant's servants, well knowing how the plaintiff was standing, carelessly, negligently and violently pulled the door of said car shut, catching the plaintiff's arm between the door of said car and the facing of the door while the plaintiff's arm was in said door, whereby the plaintiff's arm was seriously and permanently injured.

The second count alleged that the plaintiff was a passenger on one of the defendant's cars, and while standing on the front platform of said car, one of his arms was in the open door of said car, all of which the servants of the defendant well knew, and that while the plaintiff was exercising due care and diligence for his own safety, the defendant, by its servants, negligently and carelessly closed the door of said car on the arm of said plaintiff, crushing and seriously and permanently injuring it.

The plea of the defendant was the general issue of not guilty.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

ROGERS & MAHONEY and CHILTON P. WILSON, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

To entitle the plaintiff below (the appellee here) to recover under his declaration in this case, it was incumbent on him to show by a preponderance of evidence that he

Chicago Union Traction Co. v. Leonard.

was injured because the defendant's servants suddenly and negligently jerked the car he was riding on by a start or acceleration of speed, knowing that the plaintiff was so standing that such a movement of the car might throw his arm in the door jamb, or that he was injured because the defendant's servant, knowing that his arm was in the door jamb, negligently and carelessly closed the door on it.

Knowledge of one or the other or both of these described situations of the plaintiff might, under some circumstances, perhaps, be imputed to the defendant through its servants, by other facts showing that these servants should have known of them, even though actual knowledge was not proved, but it is clear that the specific and particular acts of negligence which we have described are those explicitly set forth in the declaration, and therefore the only ones which can be relied on to justify a verdict and judgment in this case.

The appellee's position, as we understand it, is that the proof of the relation of carrier and passenger between him and appellant, and proof of the injury, are sufficient to put upon appellant the burden of explaining the accident and showing that it resulted without its carelessness or negligence. That such is the rule in an action for personal injury between a passenger on moving cars and a carrier, where the negligence is charged in general terms, or the gist of the declaration is a failure to carry safely according to contract, is conceded. Appellee would extend this doctrine to cases in which specific acts of negligence specifically described are the gist of the declaration. In these cases also, he insists, an accident and injury being proved by the passenger, it devolves upon the carrier to disprove the specific acts of negligence with which he may be charged in the declaration. In support of this position he quotes from the opinion of the Supreme Court of Illinois in North Chicago Street Railway Company v. Cotton, 140 Ill. 486.

We do not agree with appellee in this contention, nor place the meaning upon the words of the Supreme Court that he does. In the Cotton case reported in 41 Ill. App.

311, this court points out that the evidence complained of was unobjectionable, because proof of any act of negligence in the running and operating the road or cars was admissible under the first count of the declaration, which merely alleged that defendant " negligently ran and operated its road and the cars propelled therein." The judge delivering the opinion said, however: "Two of the counts of the declaration, as we have seen, did allege particular acts of negligence, and if the declaration contained no other count, plaintiff would have been confined to the proof of the specific negligence averred, and if defendant sought by evidence to deny or excuse the acts alleged, it would be reversible error to allow the evidence of other acts of negligence than those alleged." He further pointed out that as under this first count—general in its allegation as it was—the injury to a passenger raised a presumption of negligence, and as no effort to remove this presumption was made by any explanation or excuse, the verdict would go against the defendant without reference to the testimony objected to, and its admission could not have been injurious.

The Supreme Court in affirming the judgment of the Appellate Court (140 Ill. 486) decides nothing different from this. The counsel for appellant, as they did in the Appellate Court, urged that " The court erred in the admission of evidence of acts of negligence not charged in the declaration."

Mr. Justice Bailey in rendering the opinion of the court first recites the three counts of the declaration, as did Mr. Justice Moran in the Appellate Court. In the course of the opinion he declares that the rule is a fundamental one, that a plaintiff must recover, if at all, upon the case made by his declaration, and in the application of this rule to actions on the case for negligence a plaintiff cannot charge one species of negligence in his declaration and recover upon proof of negligence of a different character. But he says that the rule could not be invoked in the case under consideration for two reasons.—first, that the evidence complained of could have resulted in no prejudice to the de-

Chicago Union Traction Co. v. Leonard.

fendant. " The circumstances of the injury do, in our opinion, give presumptive evidence of at least the specific negligence charged in the first count of the declaration. That charge, as we have seen, was very general and consists of negligently running and operating its road and the cars propelled thereon," is his language. Therefore the court holds that the injury to the plaintiff and the circumstances under which it was inflicted were in themselves sufficient to raise a presumption of negligence on the part of the defendant, and no evidence being offered to rebut the presumption, a verdict in favor of the plaintiff necessarily followed, wholly regardless of the evidence objected to. The second reason for holding the evidence unobjectionable was, that although not admissible to support an independent charge of negligence, it was not improper, because it was connected with the structure and condition of the car, and thus, although it might tend to support a charge of negligence not made by the declaration, it had a material bearing upon one or more of the charges that were made.

There is nothing in this opinion, or in the words quoted from it in appellee's argument, when the context is considered, which throws a doubt on the doctrine announced by this court in the same case, and already quoted, that if the declaration only alleges particular acts of negligence, the plaintiff is confined to the proof of the specific negligence averred.

This is a principle also declared by the Supreme Court in W. C. R. R. Co. v. Martin, 154 Ill. 533, and C. & E. I. R. R. Co. v. Driscoll, 170 Ill. 330, and in many other cases.

The distinction which counsel make between the Martin case and the one at bar does not affect the principle involved. In the Appellate Court (W. C. R. R. Co. v. Martin, 47 Ill. App. 610, 616) the judgment in the Martin case was affirmed "because, however defectively the negligence of appellant shown upon the trial is stated in the declaration, enough is there stated to warrant, under the evidence, the judgment rendered," and in the Supreme Court (W. C. St.

R. R. Co. v. Martin, 154 Ill. 523) one of the instructions was severely criticised, because it contained the doctrine for which counsel for appellee contend in the case at bar, while the judgment was affirmed because the plaintiff "charged in his declaration specific acts of negligence against both defendants and introduced evidence tending to prove his charges," concerning which the decision of the Appellate Court was final. The court conceded the general presumption in favor of a passenger injured, but explicitly repudiated its application in cases in which the declaration charged specific acts of negligence. Nor did the court treat the case in its opinion otherwise than that of a passenger against the carrying company, which, as a matter of fact, it was, so far as the appellant was concerned. That the Chicago & Northwestern Railroad Company was charged as a joint tort feasor, did not alter this situation.

Assuming, therefore, that the proceedings below must be considered here with reference to the principle which we have announced, we think, in the first place, that the preponderance of evidence is not with the plaintiff, but with the defendant, and that a new trial should have been granted. The presumption of negligence from the relation of the parties being absent, it was necessary for plaintiff to carry the burden of proving either the sudden jolt of the ear with knowledge on the part of the defendant's agents of plaintiff's position, or the careless closing of the door with knowledge of the position of the plaintiff's arm in the doorway.

As this case may be submitted to another jury, we do not purpose to discuss the evidence which we have, however, carefully considered in the view indicated. As it stands, we think that a new trial should have been granted.

We also hold that instructions 2, 3 and 4 are inaccurate and misleading in this case, as violating the principle that the evidence, to warrant a recovery, must conform to the allegations of the declaration. It is indeed urged that the language in instruction 2, "that the plaintiff was injured in manner and form as charged in the declaration," and the

language in instruction 3, "that the plaintiff was injured in a car in which he was a passenger in manner and form as charged in the declaration," limit the jury to proof of the *method* and means of injury, as alleged in the declaration, and that the criticism which we have made of them is therefore without point. We think a more natural construction given to the language makes it in the second instruction apply to the kind or degree of the injury received, and in the third to the allegation that the plaintiff was a passenger in the car. At all events, as the language certainly may naturally so be construed, rather than be given the meaning which appellee seeks to put on it, the instructions must be considered, under the circumstances of this case, misleading, and, in view of our opinion about the evidence, reversibly erroneous. We do not mean, by criticising these instructions, either to condemn or approve them in other cases and under other circumstances. They were erroneous and misleading in this case.

Instruction 3 is objectionable for another reason. It places the burden on the defendant of proving its defense by a preponderance of evidence, if the plaintiff makes out a *prima facie* case. The burden is upon the plaintiff to prove his case all through. It is therefore sufficient to meet a *prima facie* case to produce just enough evidence to counterbalance it, even though such evidence does not outweigh it. We adhere to the doctrine in this regard somewhat elaborately discussed in the opinion of this court in Field v. French, 80 Ill. App. 78. In that case, as in this, the reversal of the judgment depends on other reasons, but the complaint concerning the instruction is held to be justly made.

We find no reason for condemning instruction 2 on the ground urged by appellant, that it includes a hypothesis of permanent injury. Under the evidence the question whether there was a permanent injury was for the jury.

We find no reversible error in the rulings on evidence. For the errors first indicated, however, we reverse the judgment and remand the cause.

*Reversed and remanded.*