## Chicago Union Traction Company v. Gustave Berkes.

### Gen. No. 13,406.

1. RES IPSA LOQUITUR—*when doctrine of, applies.* Where the declaration alleges the relation of passenger and carrier between the plaintiff and the defendant and charges negligence generally and the proof shows an accident resulting without fault of the plaintiff, a presumption of negligence arises and the burden is upon the defendant properly to account for the accident.

2. VERDICT—*when not excessive.* A verdict for $6,500 rendered in an action for personal injuries is not excessive where it appears that the plaintiff's injuries were severe, of a more or less permanent character, consisting of a fracture of several ribs, attacks of pleurisy, etc.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 3, 1907.

JOHN A. ROSE AND ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

GRAY & MORAN, JOHNSON & BELASCO AND JOHN F. WATERS, for appellee; JOEL BAKER, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for personal injury, the trial of which resulted in a verdict and judgment for $6,500, from which judgment this appeal is prosecuted in an effort to reverse the same.

This is a passenger case. The original declaration con-

sisted of one count, which after charging ownership and operation of the railway and cars on which the accident occurred, and that plaintiff was a passenger on the car at the time of the accident, May 25, 1902, on North Clark street near another street called Maple, avers "that defendant through its servants so carelessly and negligently drove, operated, run, conducted and controlled its said cars, grips, cables, tracks, conduits and road-beds, and while running said car upon which plaintiff was then and there riding at a high and dangerous rate of speed, a collision between said cars occurred; that by and through the carelessness, negligence and improper conduct of defendant through its said servants in that behalf, plaintiff was thrown and injured." Several additional counts were subsequently filed, but in the view we take of the case they are not of sufficient controlling importance to be here recited. The defendant pleaded not guilty, also a plea of the Statute of Limitations, which it subsequently abandoned and which therefore does not require our consideration.

The accident occurred in front of the defendant's power house, and defendant claims resulted without its fault. That the cars in the train upon which plaintiff was a passenger suddenly and without warning stopped and became impacted as a consequence of the sudden suspension of the momentum under which they were proceeding, is conceded. The fact is that at the place of the accident a change of cable was made, one being dropped from the grip and another forward of the one so dropped taken up. Something happened causing a sudden and unexpected arrest of the train's progress, throwing the gripman through a window of the car, breaking two of his ribs over his heart, and also throwing plaintiff and injuring him.

The grounds for reversal urged in argument are four:

First, that the verdict is not supported by the evidence, and that presumptive negligence is not inferable from the averments of the declaration; second, that the damages are excessive; third, errors in rulings upon evidence; and fourth,

error in giving second, third and fourth instructions tendered by plaintiff.

The facts not disputed are, that plaintiff was a passenger; that he was free of any negligence contributing to his injury; that he suffered injury by reason of the sudden and violent stopping of the train telescoping the two cars of which it was composed.

Notwithstanding the fact that the gripman states that when he was about to change the cable everything seemed all right in and about the tracks, and that there was nothing to indicate to him that anything was the matter that would obstruct the passage of his car, the conceded condition makes a clear case of negligence imputable to defendant under the doctrine of *res ipsa loquutur* if the declaration is sufficiently general in its averment of negligence against defendant to justify the application of the doctrine.

The averment of the original declaration is broad enough. in all its essential particulars to warrant the invoking and application of the rule. The fact that the speed of the train was averred as excessive does not, in view of the averment that the relation of passenger and carrier existed between the parties, relieve defendant from the negligence imputable to it by reason of such relation and the occurrence of the accident without the fault of the plaintiff. Upon proof that plaintiff was a passenger, that the accident occurred without his fault, and that he was injured as a result of such accident, a case was made out which imputed negligence to defendant and imposed the burden upon it of overcoming such imputable negligence by proof of facts and circumstances sufficient in law to exculpate it from the negligence so imputable to it. The ruling of the trial court that such evidence was sufficient to establish a *prima facie* case of negligence was not error.

The cases of C. & E. I. R. R. v. Driscoll, 176 Ill., 330, and Traction Co. v. Leonard, 126 Ill. App., 189, opinion by Mr. Justice Brown, are clearly distinguishable from the case at bar, the reason and authority so distinguishing these cases being contained in an opinion this day filed in C. U.

T. Co. v. Mee, *ante,* p. 98.    But were this otherwise, the jury
were justified under the testimony of defendant as to the
manner of the occurrence of the accident in finding that it
was attributable to the negligence of defendant.

As said in North Chicago St. Ry. Co. v. Cotton, 140 Ill.,
486, "Many accidents happen to passengers from defects in
the construction of the cars, or other means of transporta-
tion, or by the breakage of some of the parts, which the
carrier did not in fact expect, and which never happened
before; and still if the evidence shows, or as the question is
here presented, tends to show, that by the exercise of the
highest degree of care it could have been foreseen and
guarded against the consequences, so far as compensation can
be made in damages, must fall upon the carrier."

The jury were justified in attributing the accident to
the defendant's negligently suffering a defect at the point of
the accident, which was without its knowledge, and which
was the cause of the accident.    Such accident may, by the
jury, have been attributed to the excessive rate of speed
of the car at the place of the accident and this conclusion
may have been arrived at from the testimony of the motor-
man that he was proceeding under one-third speed.    Meas-
ured by the dangers environing that particular place, one-
third speed may have been excessive, while a still less rate
of speed may have operated, if not to avoid the accident, to
minimize its force and the resulting injury.    If defendant
was negligent at all, it is answerable in damages to com-
pensate plaintiff for injuries resulting from such negligence,
however slight.

The evidence of the gripman in charge of the train at the
time of the accident clearly establishes negligence in de-
fendant in any rational view of the pleadings.    This grip-
man testified in substance that everything seemed all right;
that when he got up on the vault he was hung up; that he
hit something under the ground and in the vault, did not
know what it was; that it threw him clear through the win-
dow; that it broke two of his ribs over his heart; that he did
not go into the vault to see just what was the matter.    What

was hit and what caused the accident is immaterial. It is enough to know that it was through a defect in some mechanism within the charge and control of the defendant. The law did not require plaintiff to go under ground and hunt out just what the particular defect consisted of. It is enough to prove that it was there, and within the control of defendant, and was the cause of the accident and resulting injury to plaintiff.

The injuries suffered by plaintiff were severe, and the evidence tends to show of a more or less permanent character. He suffered a fracture of the fifth, sixth and seventh ribs, and two severe attacks of pleurisy resulted from those fractures. That these injuries resulted from the accident is not denied by defendant. Plaintiff claims, and there is some testimony sustaining such claim, that the Bright's disease with which plaintiff was afflicted, he contracted as a consequence of the injuries received in the accident.

Plaintiff was a drinking man. For years he imbibed quite liberally of vinous liquids. He was for many years prior to the accident engaged in the liquor business and, in the prosecution of that calling, he partook somewhat liberally of his own commodities. While it is true he was a drinking man, yet he was a long way from being a drunken man— about midway between the extremes of a total abstainer and a drunkard. It is a matter of common knowledge that drinking indulged in for years to the extent plaintiff admits will often times have the effect of bringing on Bright's disease. This disease, as said in Traction Co. v. Egbert (Gen. No. 12,821, not to be reported), in an opinion by Mr. Justice Adams, is generally understood to be incurable. In that case the court doubted that Egbert had Bright's disease, and held if he had, there was no proof showing it resulted from the accident for which damages were assessed. The Egbert case was reversed because it was apparent that damages were assessed on the unproved claim that he suffered from Bright's disease, and that such disease was not proven to have resulted from the accident.

While it may be doubted in this case whether the Bright's

disease from which plaintiff claimed to be suffering was traceable to the injuries received in the accident, or, as is more probable, that his drinking habit was the cause of the disorder, the accident in all probability made obvious the disease, which before that occurrence had been subjective. However it is clear that the other injuries proven were of a sufficiently grave and permanent character to justify the award of the damages assessed by the jury, regardless of the fact as to whether or not plaintiff's Bright's disease was chargeable to the accident. It was for the jury to assess the damages in the first instance, and as we are unable, in the light of the proof, to say, leaving out the Bright's disease part of the claim, that the damages are contrary to the weight of the evidence, we decline to interfere with the jury's award.

In view of the undisputed facts as to the manner of the occurrence of the accident, we do not regard any of the rulings of the court complained about as harmful to the defense interposed.

A thorough examination of the instructions criticised by defendant as erroneous fails to disclose any legal infirmity. True it is that in neither of the instructions given at the instance of plaintiff were the jury informed about the doctrine of the proponderance of the evidence, or upon whom that burden rested, but defendant amply atoned for this shortcoming of plaintiff and supplied the missing legal link, and made plain the fact that plaintiff, before he can recover, must maintain and prove, by a preponderance of the evidence, all essential and material averments of his declaration. This was told to the jury as to the happening of the accident, the injury, and all the elements for which plaintiff sought to recover damages.

By the 9th instruction the jury were informed "that the plaintiff is required by law to establish his case by a preponderance of the evidence before he can recover"; by the 15th, that with respect to the ailments and disabilities claimed by the plaintiff the burden of proof was upon him in that respect, as it was with respect to the question of

liability, to maintain them by a preponderance of the evidence that such ailments and disabilities are the result of the accident in question, and to a like effect and with greater elaboration is instruction 16.

Instructions 2nd, 3rd and 4th criticised by defendant, are free from error, and state the law correctly. These instructions are analogous to those ruled to be without infirmity of law in North Chicago St. Ry. Co. v. Fitzgibbons, 180 Ill., 466; Richardson v. Nelson, 221 *Ibid.*, 254; and North Chicago St. Ry. Co. v. Kaspers, 186 *Ibid.*, 246.

The record is without harmful error, and the judgment of the Circuit Court is therefore affirmed.

*Affirmed.*