## West Chicago Street Railway Company v. C. M. Mileham.

### Gen. No. 13,648.

1. DECLARATION—*when charges negligence generally.* A declaration charges negligence generally where it avers that the "defendant then and there, by its servants, agents and employes, so carelessly, recklessly, wilfully, negligently," drove and managed its car that "by and through the negligence * * * of the defendant, through its said servants," the plaintiff was injured.

2. NEGLIGENCE—*when doctrine res ipsa loquitur applies.* The doctrine of *res ipsa loquitur* applies as between a passenger and carrier where there is evidence tending to show that the cause of the injury complained of was the negligent operation of the carrier's car.

3. VERDICT—*when not excessive.* A verdict for $1,500 is not excessive where there is evidence tending to show that as a result of the accident in question, the plaintiff suffered from a fracture of some of his ribs, that some of the bones of his feet were broken, and that his ankle and the calf of his leg were bruised and swollen, etc.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 28, 1908.

Statement by the Court. This is an action to recover for personal injuries. The declaration charges that plaintiff—appellee here—was a passenger upon an electric street car operated by defendant on Fifth avenue, Chicago, and that while exercising all due care and diligence on his part, the defendant, "by its servants, agents and employes, so carelessly, recklessly,

wilfully, negligently and improperly drove and man-
aged" said car that by and through such negligence
and mismanagement of defendant through its said
employes, the plaintiff, while in the exercise of all
due care and caution himself, was "thrown with great
force and violence off from said car to and upon the
ground," receiving the injuries complained of. The
cause was submitted to a jury and a verdict returned
finding defendant guilty and assessing plaintiff's dam-
ages at $2,000, from which plaintiff remitted $500.
Judgment was entered for $1,500, from which defend-
ant appeals.

JOHN A. ROSE and ALBERT M. CROSS, for appellant;
W. W. GURLEY, of counsel.

NEWMAN, NORTHRUP, LEVINSON & BECKER and CHES-
TER E. CLEVELAND, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the
court.

The cause of the accident was a collision between
the electric car upon which appellee was a passenger
and a truck wagon loaded with flour. It is contended
in behalf of appellant that the car was running at
a moderate and safe rate of speed, but that the truck
wagon "cut into its path when the car was so close
at hand that it was impossible for the motorman to
stop the car and prevent the accident," although he
made every effort so to do. The accident occurred
about eight o'clock in the morning of the twenty-ninth
day of June. The car was an open car with an aisle
down its center and seats for two persons on each
side of the aisle. Appellee was occupying a seat next
to the aisle. The portion of the same seat next to
the side of the car was occupied by a woman. The
car had turned off from Twelfth street to go east to
Fifth avenue, and was going down the decline from
Twelfth street toward Taylor street. A truck drawn

by two horses and heavily loaded was proceeding slowly down Taylor street in a direction leading across the street car tracks on Fifth avenue, in front of the advancing car. The truck crossed the westward of the two tracks and had so far crossed the east track before the car reached it that only the rear end of the wagon was struck. There is evidence tending to show that the car was proceeding down the decline from Twelfth street to where Taylor street crosses Fifth avenue at a rapid rate of speed. The motorman testifies that he first saw the wagon crossing the track about fifty feet away and he then made every effort to stop the car, which he says could be done on such rails in about sixty-five feet. He had delayed too long, however, to prevent the collision. We think the evidence sustains the verdict of the jury as to appellant's negligent operation of the car. Certainly the motorman could reasonably anticipate, if he had been looking ahead in the exercise of due care, that there was probable danger of collision with a wagon which was proceeding in an easterly direction at the intersection of Fifth avenue with a cross street with an evident intention to cross in front of his car over the railway tracks, such intention having been manifested so long before his car came within fifty feet of it that the wagon had actually crossed the westward of the two tracks on Fifth avenue and was in the act of crossing the other track upon which the car was approaching when the motorman says he first saw it. It was clearly his duty to have his car under such control under these circumstances as to enable him to avoid a collision. So far as we are able to discover, there is nothing in the evidence tending to support appellant's theory that the "truck wagon cut into" the path of the car when the latter "was so close at hand that it was impossible for the motorman to stop the car and prevent the accident." The situation of the wagon when struck by the car, struck at its rear end, strongly tends to refute such contention. A heavily

loaded wagon going slowly, as the evidence tends to show this was, could scarcely have gotten so nearly over the tracks before being hit by the rapidly moving car if it had suddenly "cut into" the way of the car, as appellant's counsel suggest. There is evidence tending to show that the car was moving down hill at a high rate of speed when approaching the place of accident. There is evidence to the effect that in the effort to stop the car when the collision was imminent, the brake was applied with great and apparently unusual force, indicating a rapid rate of speed at the time, which it was then too late to check in time to avoid the collision.

It is urged, however, that appellee was injured by reason of his own negligent act, in that he was not thrown from the car, as he says he was, by the force of the collision suddenly checking the forward movement of the car, but that he deliberately jumped from the car. The appellee testifies that when he saw the wagon he rose up, as did others, and was thrown out on to the street pavement when the car struck the heavily loaded wagon. The conductor of the car, on the other hand, states that he saw plaintiff stand up and that he jumped over the inside rail after the collision had occurred, after the car had come to a stand, and after the conductor had called to him, "Don't jump now; it is all over with." The conductor is not corroborated in this by any other of the witnesses. That appellee claimed to be injured at that time and place, is apparent from the evidence of the conductor, a witness in behalf of appellant. That he was in fact so injured, there is evidence tending to show. As to the manner in which he received the injuries, there is a conflict between his testimony and that of the conductor of the car. That question of fact has been decided by the jury in favor of appellee, and no reason appears which would justify us in disturbing the finding.

It is argued, however, on the part of appellant, that

there can be no recovery on any theory of negligence of the defendant generally, because the declaration charges specifically that the car was negligently operated by the servants of defendant who were in charge of it, and does not charge the defendant generally with negligence; that under such a declaration the doctrine of *res ipsa loquitur* does not apply and there is no presumption of negligence against defendant in favor of the injured passenger; that under a declaration charging only specific negligence, the plaintiff, in order to recover, must prove the negligence charged by a preponderance of the evidence, that the presumption of negligence is absent in this case and the negligence charged in the declaration is not proved. The argument seems to be that the wagon was not under control of the appellant, that the accident was caused in part by the action of a third person over whom the carrier had no control. No one, we imagine, will dispute the doctrine that "if the declaration only alleges particular acts of negligence, the plaintiff is confined to the proof of the specific negligence averred." C. U. T. Co. v. Leonard, 126 Ill. App. 189, citing W. C. R. R. Co. v. Martin, 154 Ill. 523, and C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330. This contention is elaborately argued, but unfortunately for appellant it is based upon an incorrect assumption. We find no basis in the declaration for the claim that it does not contain a sufficiently general charge of negligence against the defendant. It is averred that the "defendant then and there, by its said servants, agents and employes, so carelessly, recklessly, wilfully, negligently" drove and managed its car that "by and through the negligence * * * of the defendant, through its said servants," appellee was injured. This is a charge of negligence on the part of the defendant. The fact that it is also charged that the negligent acts were committed by the defendant through its servants, does not change the nature of the charge. There is, however, evidence tending to prove the specific charge of negligence pre-

cisely as made. We are not aware of any way in which a corporation can operate its street cars except through its officers, employes and agents. What is said in Chicago City Ry. Co. v. Jennings, 157 Ill. 274-278-9, is in point. In that case the contention was that such a declaration was vague, indefinite and too general in its averments. Here it is said to be too specific. We regard the declaration as sufficiently general in its charge of negligence against the defendant, but in any event there is evidence supporting the specific averments amply sufficient to justify the verdict.

As to appellant's second proposition, that the doctrine of presumptive negligence does not apply in favor of a passenger where some third person or agency over which the carrier has no control contributes to the accident, we fail to see its application in the case at bar. Here it is alleged and there is evidence tending to show that the cause of the injury complained of was negligent operation of the car, a cause entirely within the carrier's control. Chicago Union Traction Co. v. Mee, 218 Ill. 9-14-15, cited by appellant's counsel, is a case showing a state of facts very different from the case at bar.

It is said the damages are excessive. Appellee was confined to his bed for about a month. There is evidence tending to show that he suffered from the fracture of some of his ribs, that some bones of his foot were broken, and that his ankle and the calf of his leg were bruised and swollen. His physician testifies that in his opinion there was a rupture of the sheaths and some of the muscles in the leg at the time of the injury, and that at a later period, after apparent recovery from the injury, appellee had suffered from what the doctor thinks was a breaking of the old adhesions, causing the leg to be very much swollen and sore, and crippling appellee for a week or two. As a result of the fracture of the ribs appellee had an attack of pleurisy, and he still suffers occasionally from a swelling and pain in that leg when on his feet

for a considerable length of time.    In view of all the evidence, we are unable to concur in appellant's contention that the verdict is excessive.

It is urged that the first two instructions given in appellee's behalf were erroneous, in not limiting the negligence for which appellant would be liable to that charged in the declaration.    Examination of the instructions referred to does not support the objection. We discover nothing in them which in any way tends to indicate any ground of recovery not charged in the declaration.    The first of the said instructions does in terms refer to the specific negligence charged in the declaration, and both instructions, in fact, if not in terms, limit the jury to the negligence therein charged. Appellee was entitled to have the jury instructed in accordance with his theory of the case so far as it was supported by the evidence and the law applicable. See Chicago City Ry. Co. v. Nelson, 215 Ill. 436-443, as to the objection that the words of an instruction are "not qualified by any reference to the allegations of the declaration."    We have examined the objections urged at great length by appellant's counsel to these and other instructions given by the court.    It is not necessary and would not be profitable to follow counsel in such discussion.    The objections urged are, for the most part, extremely technical.    We discover no material and certainly no prejudicial error in the court's action in the respects complained of.

Finding no material error in the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*