**Evangeline Smith, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 15,936.**

1. NEGLIGENCE—*when doctrine res ipsa loquitur applies.* Where the negligence charged is general and relates to an instrumentality wholly within the control of the defendant, the doctrine of *res ipsa loquitur* is applicable, and the presumption of negligence arises.

2. EVIDENCE—*when declarations of pain competent.* Declarations of pain and suffering are competent only where made as part of the *res gestae,* or to a physician during treatment, or upon an examination prior to and without reference to an action for damages, unless the examination is made at the instance of the defendant, with a view to the trial.

3. EVIDENCE—*who competent as physician to testify to declarations of pain.* An osteopath to whom declarations of pain are made for the purpose of treatment may testify thereto even though such a practitioner may not be regarded by the medical profession as a physician.

4. INSTRUCTIONS—*when upon question of damages in personal injury case erroneous.* Where the declaration claims damages as the result of the inability of the plaintiff by reason of her in-

juries to pursue a certain business in which she was engaged, an instruction is erroneous which tells the jury that it was not necessary that any witness should have expressed an opinion as to the amount of such damages, but they might make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life.

5. INSTRUCTIONS—*when, as to inferences from failure to produce evidence erroneous.* An instruction upon this subject is erroneous where the defendant though introducing no evidence to rebut the charge, relied upon the improbability of the evidence introduced by the plaintiff.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 25, 1911.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant.

SAMUEL B. KING and JULE F. BROWER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinon of the court.

This is an action in case to recover damages for personal injuries. A trial by jury in the Superior Court resulted in a verdict in favor of appellee for $2,500, whereof she remitted $500, and judgment was thereupon entered against appellant for $2,000.

The declaration contains three counts, each of which recites that on July 12, 1906, appellee became a passenger upon a trailer car which was connected with and drawn by a grip car propelled by an endless cable. The first count charges that, when said trailer car was in motion on Wabash avenue, and at or near the intersection of Peck court with said Wabash avenue, the appellant, by its servants, then and there negligently and carelessly permitted said car to, and the said car did, negligently and violently jolt, with a jerking motion, by reason of aforesaid negligence of the servants of the appellant; and that by means of said jolt ap-

pellee was thrown in violent contact with the woodwork of said car on which she was riding as aforesaid, so that her neck at a point below and near the base of her skull was brought in violent contact with said woodwork, and her head was then and thereby injured, etc.

The second count charges that appellant so negligently and unskilfully operated said car upon which appellee was riding as a passenger that she, while exercising all due care for her personal safety, was at a point in said Wabash avenue, at or near the intersection of said Wabash avenue with Peck court, violently thrown against the woodwork of said car at the back of the seat in which she was so riding as a passenger as aforesaid, by a violent jolt, and was, by reason of the same negligent operation of said car as aforesaid, violently thrown down and forward on the floor of said car, and her head was then and thereby injured, etc.

The third count charges that as said trailer car upon which appellee was a passenger approached the intersection of Wabash avenue with said Peck court, appellant, by its servants, then and there negligently and carelessly permitted said trailer car to, and the said trailer car then and there did, negligently collide with another car which was then and there under the control of appellant, by its aforesaid servants, which then and there collided with the rear end of said trailer car upon which appellee was riding as a passenger by reason of the aforesaid negligence of the servants of appellant; and that by means of said collision appellee was thrown in violent contact with the woodwork of said car on which she was riding as aforesaid, so that her neck, at a point below and near the base of her skull, was brought in violent contact with said woodwork, and her head was then and thereby injured, etc.

Appellee was the only witness who assumed to testify to the facts and circumstances relating to the operation and movement of the cars, and the manner in which she claims to have been injured thereby. The

Smith v. Chicago City Ry. Co., 165 Ill. App. 190.

testimony of the other witnesses related solely to the extent of her alleged injuries and the condition of her health.

Appellee testified, in substance, on direct examination that at the time of the trial, March, 1909, she was 42 years of age; that on July 12, 1906, she boarded a north-bound trailer car, attached to a grip car operated by a cable, at the corner of 55th street and Washington avenue, and occupied the front seat on the trailer; that several times during the journey she looked around to see what was back of the car she was in, and noticed a mail car; that when she was nearly down town she looked around to see what the delay was, and still noticed the mail car, and when the trailer about reached Peck court, there came a thud; that the car came to a standstill, sending her first backward, hitting the back of her head against the brace of the window, then throwing her forward and around onto her knees; that the car had partially come to a standstill before the thud came, and when it came it lifted the trailer car,—tipped up the rear end; that she was unconscious for a short time; that upon regaining consciousness, she was still on her knees and tried to get back on the seat; that she was then very dizzy; that at the time she lost consciousness she did not know whether the trailer had come to a stop or not; that it was not in motion when she regained consciousness, and. at that time the mail car was directly up to the trailer; that as far as she could see the mail car was in contact with the trailer, and she should say it was in contact; that the thud to which she referred was a "terrible crash"; that when she regained her seat she was very faint and dizzy and had the sensation of something dark falling before her eyes; that the car stood still for some minutes and the conductor came and asked if she was hurt, and inquired her name and address; that she alighted at. the corner of Wabash avenue and Adams street. The further direct ex-

amination of appellee related to the extent of her alleged injuries and her treatment therefor. On cross-examination appellee testified that it was a rather natural occurrence with her to look around, when riding on the cars, to see if any one got on that she knew; that she could not say whether she looked back three or four times; that the last time she looked back, about a block south of Peck court, she noticed another grip car drawing a car behind it; that she could not say whether the car was moving or standing still at the time she felt the bump; that she could not tell from anything she saw how close the front bumper or fender of the grip car of the train in the rear was to the rear end of the car she was on; that it might have been six inches or three feet. The further cross-examination of appellee related to the extent of the injuries she claims to have sustained, and to her general health and physical condition covering a period of several years prior to the accident in question. Her cross-examination in relation to the latter subject disclosed that in 1899 she had undergone a surgical operation involving the removal of an ovarian tumor, and was in a hospital for four or five weeks; that in the same year, or the year 1900, she had a miscarriage; that in 1895 she had an attack of peritonitis, and also had a miscarriage.

It is insisted that the verdict is not justified by the evidence because each count of the declaration alleges a specific act of negligence, and the testimony of appellee, which was the only evidence introduced in support of those allegations, fails to establish them, or either of them.

As the judgment must be reversed and the cause remanded for errors of law hereafter considered, we shall refrain from a discussion of the evidence in detail, and from a statement of our conclusions relative to its probative force. It is sufficient to say that the court did not err in refusing to give the peremptory instructions tendered by appellant.

Without here restating the charge of negligence alleged in each of the three counts of the declaration, we are clearly of the opinion that the negligence charged in each of the second and third counts is general and not specific.  Chicago U. T. Co. v. Mee, 136 Ill. App. 98; Chicago U. T. Co. v. Berkes, 136 Ill. App. 105; West Chicago St. Ry. Co. v. Mileham, 138 Ill. App. 569; Chicago City Ry. Co. v. Barker, 209 Ill. 321. Where, in a case like the one at bar, the negligence charged is general, and relates to an instrumentality wholly within the control of the defendant, the doctrine of *res ipsa loquitur* is applicable, and the presumption of negligence arises.  Barnes v. Danville St. Ry. Co., 235 Ill. 566.

Over the objection of appellant, the witness Annette Walls, called on behalf of appellee, was permitted to testify, that, between July 12, 1906, and January 1, 1907, appellee complained of having headaches.  While the admission of this evidence would not work a reversal of the judgment, because it was merely cumulative, it was improperly admitted.  It seems to be the settled rule in this State that declarations of pain and suffering are competent only where made as part of the *res gestae,* or to a physician during treatment, or upon an examination prior to and without reference to an action for damages, unless the examination is made at the instance of the defendant, with a view to the trial.  West Chicago St. Ry. Co. v. Carr, 170 Ill. 478; Greinke v. Chicago City Ry. Co., 234 Ill. 564; Shaughnessy v. Holt, 236 Ill. 487.

Addison S. Melvin, an osteopathic practitioner, called as a witness on behalf of appellee, testified that he treated her professionally from July 12, 1906, until the September following, and in answer to the question, "What condition did you find her in the first time you treated her after July 12, 1906?", said: "The principal condition was one of extreme nervousness, but, of course, I only had her word for that."  It is insisted that appellant's motion to strike out the an-

swer of the witness was improperly overruled, because the statement to him by appellee, in substance, that she was extremely nervous, was not made to a physician during treatment; that an osteopath is not recognized as a physician by the members of that profession or their societies.

Statements made by an injured party to a physician, while under treatment by the latter, are admitted in evidence because such injured party will be presumed, under such circumstances, to truthfully state his physical condition, with the expectation of being cured or benefited by the treatment. Greinke v. Chicago City Ry. Co., 234 Ill. 564; Shaughnessy v. Holt, 236 Ill. 487.

The word "Physician", as used in the statement of the rule referred to, is employed in its generic sense, and is not limited to a practitioner of medicine in any particular school. Section 7 of the Act relating to Medicine and Surgery provides that any person shall be regarded as practicing medicine, within the meaning of the act, who shall treat or profess to treat, operate on or prescribe for any physical ailment or any physical injury to or deformity of another. R. S. 1909, 1474.

Practitioners of osteopathy are licensed by the State to practice their profession, and the adherents of that system or school of treatment or practice are as much entitled to the presumption upon which the rule of evidence in question is predicated, as are the adherents of any other system or school. The reason for the rule remains the same. The trial court did not err in permitting the witness to testify as an expert.

It did not appear that appellee had read or had been informed of the contents of the written notice of her alleged injury, which notice her husband prepared and sent to appellant, and the same was properly excluded.

The first instruction given at the request of appellee is identical in form with the fifth instruction given for the appellee in U. S. Brewing Co. v. Stoltenberg, 211 Ill. 531, and there approved. It was applicable to the

case as bearing on the question of due care by appellee and also as to whether or not the car in the rear of the trailer car, in which appellee was riding, collided with said trailer car.

The third count of the declaration alleges that the trailer car and the car in the rear of said trailer car were both under the control of appellant and its servants, and the plea alone of not guilty did not put in issue, either that said cars were owned by the appellant or were operated by it or its servants. Chicago U. T. Co. v. Jerka, 227 Ill. 95. The fifth instruction tendered by appellee was not, therefore, improperly given to the jury.

By the seventh instruction given at the request of appellee the jury were informed that to enable them to estimate the damages alleged to have been sustained by appellee, it was not necessary that any witness should have expressed an opinion as to the amount of such damages, but they might make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life. If the instruction had been limited to damages for physical pain and suffering, the rule announced would have been correct, but the declaration also claimed damages as the result of the inability of appellee, by reason of her injuries, to pursue certain business in which she had been engaged, and for obligations incurred for medical services. The instruction was inaccurate and should have been refused as asked. Keokuk Bridge Co. v. Wetzel, 228 Ill. 253. The evidence relating to the extent of the injuries appellee claims to have sustained, by reason of the accident, is so close and conflicting, it cannot be said, as it was in the Wetzel case, that the giving of the instruction was harmless error.

The 8th instruction, given at the instance of appellee, is as follows:

"You are instructed that if you believe from the evidence in this case that either party has the means of

producing proof bearing upon the issues of this case, and has not produced such evidence nor accounted, by evidence in the case, for its non-production, such non-production of evidence raises an inference that such proof, if produced, would be unfavorable to the party who has the means of producing such evidence; and in case you believe from the evidence that there is evidence within the power of either party to produce which has not been produced nor accounted for by evidence in this case, you may take that fact into consideration in determining where the evidence preponderates."

Appellant offered no evidence whatever relative to the facts and circumstances attending its alleged negligence, but contented itself with the insistence that the testimony of appellee was so inherently improbable as to wholly discredit her claim that she was injured as alleged in the declaration. In this state of the record the instruction was manifestly prejudicial to appellant and should have been refused. The jury must have necessarily inferred from the instruction that appellee was to be considered as having in fact been injured as alleged in the declaration, and that the failure of appellant to introduce any countervailing evidence, was to be deemed as an admission by it that she was so injured. The correct doctrine applicable here is announced in Condon v. Schoenfeld, 214 Ill. 226, as follows:

"The appellee urges, upon the authority of Pittsburgh, Ft. Wayne & Chicago Railway Co. v. Callaghan, 50 Ill. App. 676, Same v. Same, 157 Ill. 406, and other cases of like tenor, that weak evidence becomes strong against a party who has the means of contradicting the same, but fails to do so, and urges that as Condon failed to appear in person and testify, and failed to produce a witness to testify, that he was not the master, the evidence offered by appellee is thereby strengthened. We think there is no room for the application of this doctrine in this case for this reason: if the testimony offered tends to establish the averment

in question, it needs no strengthening, as the defendant offered no evidence whatever. If, on the other hand, it does not tend to establish that averment, the defendant was under no obligation whatever to offer proof of any character. It was then his privilege to stand upon his plea, relying on the fact that the cause of action was not established by the evidence offered on the part of the plaintiff.''

In Gibbons v. Chapin, 147 Ill. App. 575, it was held to be error to refuse an instruction tendered by the defendants, as follows:

''You are instructed that the mere fact that the defendants, the William Adams Company and Chapin and Gore, have introduced no evidence by way of defense is not to raise a presumption in your mind of the guilt of said defendants, but the plaintiff is held to the same strictness of proof of the allegations of his declaration as if the defendants had introduced evidence.''

The 4th instruction tendered by appellant was in part covered by the 10th instruction given at its instance. The last clause of the instruction was, however, clearly erroneous, and the instruction was properly refused. The 5th instruction asked by appellant was properly refused, because there was no evidence to support it.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*