Mueller Bros. Art. & Mfg. Co. v. Fulton St. M. Co., 181 Ill. App. 685.

Appellant has waived this question by prosecuting his appeal to this court.

There is no error in the record and the order is affirmed.

*Order affirmed.*

# Mueller Bros. Art & Manufacturing Company, Appellee, v. Fulton Street Wholesale Market Company, Appellant.

## Gen. No. 17,410.

1. NEGLIGENCE—*issues, proof and variance.* Under a declaration alleging that defendant so negligently used and operated an ammonia tank and appurtenances that it exploded and the ammonia therein set fire to a building to plaintiff's damage, evidence that the fire was caused by ammonia gas in solution with gas formed by mineral lubricating oils used in connection with such appurtenances is admissible.

2. EVIDENCE—*conditions after accident.* Where an issue is raised as to the condition of a valve on a discharge pipe at the time of an explosion, in the absence of proof that there had been no change in the condition of the valve from the time it was discovered after the explosion until it was seen by a witness, his testimony with respect to its condition is incompetent.

3. EVIDENCE—*prior condition of apparatus.* Upon an issue as to whether a discharge-pipe valve was closed at the time of a fire, it is not permissible for an engineer to detail the particulars of a circumstance which occurred some time prior to the fire, relative to his efforts to ascertain whether the valve was open or closed.

4. NEGLIGENCE—*instructions on burden of proof.* An instruction that if the jury find that the damage to plaintiff was caused by the explosion of an apparatus and that such apparatus was in charge of and under the control of the defendant or his servants, then the law presumes that defendant was negligent in the operation or control thereof unless defendant shows by a preponderance of evidence that such explosion and damage did not occur through its negligence or the negligence of its servants, is erroneous.

5. NEGLIGENCE—*presumption created by doctrine of res ipsa loquitur.*

686    APPELLATE COURTS OF ILLINOIS.

Mueller Bros. Art. & Mfg. Co. v. Fulton St. M. Co., 181 Ill. App. 685.

The presumption created by the doctrine of *res ipsa loquitur* merely serves to make a *prima facie* case for the plaintiff and make it incumbent on the defendant to produce evidence sufficient to meet such *prima facie* case, and to overcome the presumption upon which it is predicated.

6. TRIAL—*production of explosive in court and offer to submit it to tests.* In an action for damages caused by a fire resulting from the explosion of an ammonia tank, where there was no claim that the fire was occasioned by ammonia in liquid form, production of liquid ammonia in court and an offer by counsel to subject it to certain tests is improper and harmful.

7. APPEALS AND ERRORS—*admission of testimony of witness at former trial.* A party who fails to insist upon his objection to the admission in evidence of testimony of a witness given at a former trial, where the witness testifies at a subsequent trial, is in no position to complain on appeal.

8. APPEALS AND ERRORS—*improprieties in examination of witnesses.* Where counsel for both parties indulge in like improper methods in examining witnesses a court of review will not seriously consider the complaints of the defeated party regarding the use of such methods.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed June 30, 1913.

RICHBERG & RICHBERG, for appellant; R. D. STEVENSON, of counsel.

ADLER & LEDERER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Mueller Bros. Art. & Mfg. Co., a corporation, brought suit in the Superior Court against the Fulton St. Wholesale Market Company to recover damages by fire alleged to have been occasioned by the negligence of the defendant. A trial of the case resulted in a verdict and judgment against the defendant for $10,000, to reverse which judgment it prosecutes this appeal.

In certain premises owned by appellant, the second floor of which was occupied by appellee as a tenant,

Mueller Bros. Art. & Mfg. Co. v. Fulton St. M. Co., 181 Ill. App. 685.

appellant operated an ice refrigerating system in the basement. This system consisted of an engine, boiler, ammonia tank, and the usual and necessary pipes, coils and appliances for refrigeration. The declaration contains four counts. The first count alleges that appellant kept in its building a certain receptacle or tank containing ammonia, with appurtenances and appliances thereto, which the appellant used in its business in said building; and thereupon it became and was the duty of appellant to keep said receptacle or tank and its appurtenances and appliances thereto in a good and safe condition and not to allow said receptacle or tank and its appurtenances and appliances thereto to become defective so as to injure the premises and property of appellee in said building; yet appellant, not regarding its duty in that behalf, negligently allowed said receptacle or tank and its appurtenances and appliances thereto to become unsafe and to remain in a bad condition and to allow a defect to exist therein, which said defect was known or should have been known to appellant at the time and place aforesaid; so that by reason of said negligence of appellant on March 27, 1903, said receptacle or tank exploded, and the ammonia in said receptacle or tank set fire to the aforesaid building and the premises and property of the appellee therein, etc.

The second count alleges that it was the duty of appellant to operate said receptacle or tank, with its appurtenances and appliances thereto, in a careful and skilled manner, so as not to injure the property and premises of appellee; yet appellant, not regarding its duty in that behalf, by its agents and servants, so negligently used said receptacle or tank, with its appurtenances and appliances thereto, that said receptacle or tank, containing ammonia as aforesaid, exploded, and said ammonia in said tank set fire to the aforesaid building, etc.

The third count alleges the employment by appel-

lant of a negligent servant who so negligently operated the said tank and its appurtenances that the same exploded and set fire, etc.

The fourth count alleges that appellant kept on said premises a certain receptacle or tank containing ammonia, with appurtenances and appliances thereto, which appellant used in its business in said building; that said receptacle or tank containing ammonia with its appurtenances and appliances thereto was highly dangerous and that thereupon it became the duty of appellant to keep said receptacle or tank, with its appurtenances and appliances as aforesaid, safe so as not to injure the property and premises of appellee; yet appellant, not regarding its duty in that behalf, negligently allowed said dangerous receptacle or tank, with its appurtenances and appliances thereto, to explode and said dangerous contents to flow out and set fire, etc.

On the night of March 27, 1903, the building owned by appellant was destroyed by fire. Appellee occupied the second floor of the building as a tenant, where it manufactured picture frames and mouldings and framed and mounted pictures. The first floor of the building was divided into market stalls which were provided with refrigeration by appellant by means of an ammonia refrigerating system located and operated in the basement. The system consisted of a tank, which contained liquid ammonia, pipes and coils, two compressors and a condenser. At about midnight a cylinder-head of one of the compressors was blown out or exploded and the ammonia in the system was thereby liberated. The evidence tends to show that immediately following the explosion or coincident with it the fire in question developed. No question is raised as to the amount of the damages sustained by appellee as a result of the fire.

It is contended by appellee that the fire was occasioned by the igniting from a gas jet or the furnace

fire of the gases formed by the liberation of the ammonia; that there is evidence tending to show that, when the system was started in operation immediately before the explosion, the valve upon the discharge pipe leading from the compressor was negligently permitted to remain closed, or was then negligently closed. It is conceded that if the valve in the discharge pipe was closed when the system was in operation the cylinder-head in the compressor would doubtless be blown out by the pressure. It is contended by appellant that there is no competent evidence tending to show negligence with respect to the operation of the valve on the discharge pipe, and further that the fire in question could not have been occasioned by the ignition of liberated gases, because ammonia gases are not inflammable, but rather have a decided tendency to quench flame. As regards the explosion and the consequent liberation of the ammonia gases, appellee relies upon the applicability of the doctrine of *res ipsa loquitur,* and appellant does not seriously contend to the contrary. The refrigerating system was wholly within the control of appellant and the explosion was such as in the ordinary course of things does not occur, if those having the management of the system exercise proper care.

While a preponderance of the evidence tends to show that gas formed by the liberation of ammonia alone is not inflammable, there is evidence tending to show that ammonia gas in solution with gas formed by mineral lubricating oils such as are ordinarily and necessarily used in the operation of a refrigerating system, and such as were used in the operation of the system in question, is highly inflammable.

It is, however, insisted by appellant that proof of the presence of other gases in solution with ammonia gas was improperly admitted as constituting a variance from the allegations of the declaration, which, it is claimed, predicate a right of recovery for damages

from a fire occasioned solely by the ignition of ammonia or ammonia gas following the explosion. The evidence tends to show that the fluid ammonia which is used in a refrigerating system and which is thereby converted into gaseous form, is, when so converted necessarily intermingled with the gases formed by the accompanying lubricating oils, and the general designation of the gas so produced by combination, as ammonia or ammonia gas, is sufficiently descriptive of the substance in question to permit the admission of evidence which, it is claimed, constituted a variance. The primary and principle element of the substance in question was ammonia, and appellee was not required to designate each constituent element of the substance by its appropriate scientific name, but might properly designate the substance by the name by which it was commonly known.

As the judgment must be reversed and the cause remanded for errors of law in the admission of evidence and in the giving of an improper instruction, we shall not enter into an extended discussion of the evidence adduced, or of the probative force of the same.

Appellant is not in a position to complain of the admission in evidence of the testimony of appellee's witness, Hetzer, given on the former trial of the case. Hetzer was a witness for appellee upon the last trial and the admission of his entire testimony upon the former trial can not be justified, except upon the ground that appellant tacitly consented thereto. If appellant had insisted upon its objection to the admission of such testimony as evidence, instead of acquiescing in its admission, upon the condition that the entire testimony of the witness upon the former trial was admitted, the trial court would, doubtless, have sustained such objection.

One of the vital questions in the case was whether or not the valve upon the discharge pipe was closed

immediately prior to and at the time of the explosion. A day or two after the fire, the valve in question was taken out of the basement where it was covered by about three feet of water, but the man who then took out the valve was not produced as a witness by either party. While the testimony of the witness, John McCart, leaves it doubtful whether or not he was present when the valve was taken out of the water, it was not improperly admitted, and the weight to be given to his testimony was primarily a question for the jury. In the absence of proof that there had been no charge in the condition of the valve from the time it was taken out of the water until it was seen by the witness, Arthur McClure, his testimony relative to the condition of the valve when he saw it was incompetent and should have been excluded.

The witness, McCart, who was formerly employed by appellant as an engineer, was permitted over the objection of appellant to detail the particulars of a circumstance which occurred some time prior to the fire in question relative to his efforts to ascertain whether the valve in the discharge pipe was open or closed. This evidence was incompetent and prejudicial to appellant and the objection thereto should have been sustained.

Complaint is made of the conduct of counsel for appellee in assuming in his examination of witnesses that certain other fires had been caused by the explosion of ammonia. In some of the instances to which reference is made no objections were interposed to the form of the question and counsel for both parties made frequent allusion to the explosion of refrigerating systems in other buildings, and sought therefrom to deduce inferences favorable to their respective contentions. Where counsel for both parties indulge in like improper methods a court of review is not disposed to seriously consider the complaints of the defeated party regarding the use of such methods. Much of

the evidence relating to other fires was hearsay and otherwise incompetent.

There was no claim by appellee that the fire in question was occasioned by ammonia in liquid form and the production by appellee of liquid ammonia in court, and the offer by counsel for appellee to subject it to certain tests and experiments was improper and harmful to appellant.

At the instance of appellee the court gave to the jury the following instruction: "1. The court instructs the jury that if they find from the evidence that the damage to the plaintiff complained of was caused by the explosion of an apparatus, and that such apparatus was in charge of and under the control of the defendant or its servants, then the law presumes that the defendant was negligent in the operation or control of said apparatus unless the defendant shows by a preponderance of the evidence that such explosion and damage did not occur through its negligence or the negligence of its servants."

This instruction which assumes to state the law relative to the burden of proof in respect to the doctrine of *res ipsa loquitur,* as here involved, is clearly and prejudicially erroneous.

The presumption created by the doctrine of *res ipsa loquitur,* where this doctrine is applicable, merely serves to make a *prima facie* case for the plaintiff and makes it incumbent upon the defendant to produce evidence sufficient to meet such *prima facie* case, and to overcome the presumption upon which it is predicated. In *Vischer v. Northwestern El. R. Co.,* 256 Ill. 572, it is said: "If there is no evidence to meet a *prima facie* case, it becomes conclusive and justifies a verdict, but if evidence is produced, then, on the whole case, the burden of proof is on the plaintiff to establish the averments of the declaration by a preponderance of the evidence."

In requiring appellant to overcome the *prima facie*

case by a preponderance of the evidence showing that the explosion and damage did not occur through its negligence, the instruction imposed a greater burden upon appellant than it was required to bear. *Field v. French,* 80 Ill. App. 78; *Chicago Union Traction Co. v. Leonard,* 126 Ill. App. 189.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*