# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1896.

### Elgin, Joliet & Eastern Railway Company v. Fred C. Reese.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence is conflicting it is the province of the jury to determine which is the better evidence and the more worthy of belief, and unless a court of appeal can see that their verdict is manifestly against the weight of the evidence, or the result of passion and prejudice, it should not be disturbed.

2. EVIDENCE—*As to Experiments and Witnesses' Knowledge.*—In an action against a railroad company to recover damages for the killing of stock at a highway crossing, it is proper to admit the evidence of witnesses as to experiments made by them to determine how far the train would be seen coming to the crossing from the highway, and to allow the witnesses to say whether they could have heard the whistle or bell if they had been sounded or rung.

3. INSTRUCTIONS—*Repetition of the Same Proposition.*—It is not error to refuse to give instructions which are substantially embodied in those already given.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Lake County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896. Rehearing denied May 19, 1897.

WILLIAMS, HOLT & WHEELER, attorneys for appellant.

A. J. REDMOND, attorney for appellee.

(463)

Under conflicting testimony it is the province of the jury to find which is the better evidence and more worthy of belief, and such finding will not be disturbed by an appellate court except where it becomes necessary to do so to prevent palpable injustice where it is manifest the finding is the result of passion or prejudice. Peoria, P. & J. Ry. Co. v. Siltman, 88 Ill. 531; Chicago, B. & Q. Ry. Co. v. Van Patten, 64 Ill. 510; Great W. Ry. Co. v. Geddis, 33 Ill. 306.

Testimony as to experiments made by witnesses to determine how far the train could be seen coming upon the crossing, the character of the ground and obstructions of the view at the place. in question being involved, is admissible. Chicago & I. Ry. Co. v. Lane, 130 Ill. 116; Chicago & A. Ry. Co. v. Legg, 32 Ill. App. 218; Illinois C. Ry. Co. v. Burns, 32 Ill. App. 196; Chicago & A. Ry. Co. v. Dillon, 24 Ill. App. 207; Penn Co. v. Boylan, 104 Ill. 595.

If all that is proper in an instruction is contained in another instruction, the court is not bound to give it a second time. Chicago & A. Ry. Co. v. Kellam, 92 Ill. 245; Peoria, P. & J. Ry. Co. v. Siltman, 88 Ill. 529.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for the killing of eighteen head of cattle belonging to appellee by one of appellant's trains of cars, at the intersection of its railroad with a public highway known as Pomeroy's crossing, between the village of Barrington and Lake Zurich, in Lake county, in this State. There was a verdict and judgment for appellee for $720.

The negligence charged in the declaration was a failure to give the statutory signals; running the train at a high and dangerous rate of speed and improper management of the train.

On the afternoon of July 16, 1895, Miss Reese, a sister of appellee, twenty years of age, was on the west side of appellant's railroad driving a herd of twenty-six cattle from the pasture, east along the public highway, toward the farm

house of her brother, which was some three-quarters of a mile east of the track. As the cattle were approaching the railroad from the west they were run into by an "extra" freight train belonging to appellants, and which was running at the rate of from twenty-five to thirty miles an hour, from north to south, down grade, and eighteen of the number were killed. It appears, from the evidence, that just before reaching the highway the railroad runs through a cut, and the ground, in the angle to the northwest of the crossing, between the railroad and the highway, is high and covered with trees, which, at the time of the accident, were covered with foliage, thus obstructing the view of one approaching from the west, and rendering the crossing dangerous. The girl in charge of the cattle testifies that she neither saw nor heard the train until it was close upon the cattle. There was no evidence tending to support the charge of negligence in managing the train, other than the supposed high rate of speed. There was the usual conflict in the testimony of witnesses as to whether or not the statutory signals were given, the trainmen and other employes of appellant swearing that the whistle was blown at about eighty rods north of the crossing, and the bell rung continuously from the time the whistle was blown until the cattle were struck, while on the other hand a number of witnesses, apparently having full opportunities for observing and knowing, testify directly to the contrary. Under this state of the evidence it was for the jury to determine where the truth lay, and we can not say their verdict was contrary to the evidence. Unless we can see that it is manifestly against the evidence, or the result of passion or prejudice, we ought not to disturb the verdict of the jury, whose peculiar province it is to determine which is the better evidence and the more worthy of belief.

Appellant insists that appellee's sister, in charge of the cattle, was guilty of such contributory negligence as to preclude a right of recovery. This was a question of fact for the jury, and they having determined that point against appellant we do not feel authorized, upon the evidence, to

disturb their finding. In fact, if her testimony is true, and it was for the jury to say whether it was or not, we do not see what she could have done more than she did do to avoid the injury. She was in the habit of driving these cattle across the track daily, for several years, and had no more reason to apprehend danger on the day of the accident than on any former occasion. She swears that she looked and listened for a train as soon as she got around the turn in the road, but discovered none approaching until it got within about ten rods of the crossing, and the cattle were then on the track. She must necessarily have been some little distance behind them, and we fail to see what more she could have done to prevent the collision. One who has ever tried it, knows what a difficult matter it is to keep a herd of twenty-six head of cattle at all times within entire control. To say that appellee should have had more persons in charge of the cattle, one in front of them and one behind them, we think would be requiring the exercise of more than ordinary care.

There was no error in admitting the evidence of witnesses as to experiments made by them to determine how far the train could be seen coming to the crossing from the highway, nor in answering the question as to whether they could have heard the whistle or bell if they had been sounded or rung. In this State such evidence has frequently been held competent. C. & A. R. R. Co. v. Dillon, 24 App. 207; Penn. Co. v. Boylan, 104 Ill. 595; C. & A. R. R. Co. v. Legg, 32 App. 218; I. C. Ry. Co. v. Burns, Ib. 196; I. C. R. R. v. Swisher, 53 App. 411.

We find no serious error in the action of the court upon the instructions. The refused instructions were substantially embodied in those already given, and it was unnecessary that they should be repeated. The judgment will be affirmed.