## Chicago Union Traction Company et al. v. Thomas Mee.

### Gen. No. 13,403.

1. PASSENGER AND CARRIER—*care required of latter.* A carrier owes to its passengers the highest practical degree of care in transporting them, in the management and operation of its train, and slight negligence is such a breach of that duty as will render it liable.

2. RES IPSA LOQUITUR—*when charge of negligence general so as to enable invocation of doctrine of.* A charge of negligence is general and will support the application of the doctrine of *res ipsa loquitur* where such charge is substantially that the plaintiff was a passenger and that the defendant, through its servants in charge of a car, so recklessly, carelessly and negligently ran, operated and managed the car that in consequence thereof it was brought into violent collision with a wagon and the plaintiff was injured.

3. VERDICT—*when not disturbed as excessive.* A verdict will not ordinarily be disturbed on review where it is the second verdict of the same size rendered in the cause.

4. DAMAGES—*when not awarded upon affirmance.* Statutory damages will not be awarded upon the ground that the appeal was taken for delay where the amount involved is large and the questions of law presented worthy of consideration.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 3, 1907.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for personal injuries. There have been two trials at *nisi prius,* both terminating in judgments against appellants for $8,000. This court on appeal from the first judgment affirmed it—see Chicago Union Traction Company v. Mee, 119 Ill. App., 332—and the Su-

Chicago Union Traction Co. v. Mee.

preme Court on further appeal in 218 Ill., 9, reversed the judgment of this and the Superior Court for the failure of the trial court to give instructions 8 and 9 tendered by appellant.

The statement of appellants that "the pleadings remained the same at both trials" being conceded, we will not repeat them here, but for a statement of the issues and the proofs, save wherein the proof is variant from that received at the first trial, we refer to both the Appellate and Supreme Court opinions, *supra*.

Three propositions are urged in argument as calling for a reversal of the judgment. They are, first, that the verdict is not supported by the evidence; second, that the damages are excessive; and third, that the trial court erroneously instructed the jury upon the law at the instance of plaintiff.

This is a passenger case; the duty of extreme care to protect from injury during transportation the law casts upon the carrier. The car on which the plaintiff was a passenger came into violent contact with the wagon, injuring plaintiff severely. Neither the collision nor the injury is denied by defendant. The manner of its occurrence only is in dispute. Defendants' narration tends to prove that as the car came near the wagon, the wagon cleared the track, leaving room for the car to pass; that while the car was passing the wagon the front end of the wagon struck an iron trolley post at the curb, and that the wagon then backed into the car, from which impact plaintiff suffered personal injury.

We have carefully examined the evidence in the record now before us, and are satisfied that it supports the verdict of the jury. That while it is true this appeal must stand or fall on the record in this case now here before us, without any reference whatever to the record made in the previous trial or the appeal therefrom before this and the Supreme Court, and while our opinion and judgment are based on the record in this case, yet it may not be amiss to say, by way of illustrating our position, and in practical demonstration of the conclusions here reached, that the evidence in this record is not materially variant on any essential point from

the evidence in the record on the first trial; and notwithstanding it is a fact that, on the prior appeal, no claim was made that the verdict was against the evidence, or that the damages awarded were excessive, and conceding the contention is well taken—which we doubt—that defendants are not now precluded from urging these points on this appeal, we are still satisfied that the record discloses that the negligence charged is sustained by the proofs, and that the verdict and judgment find ample support in the record. The evidence furthermore tends to sustain the claim that the plaintiff's condition had not improved since the first trial. This fact of itself would tend to lend corroboration to the claim of permanency of plaintiff's injuries. Nor do we think it highly important in solving the dispute as to defendants' negligence, whether the car ran into the wagon or the wagon backed into the car. The jury may have concluded that defendants were negligent on either theory. They may have decided that it was negligence in defendants' servant to so move the car that in the apparent danger of the wagon and the car coming together, the control of the car was not sufficiently kept in hand to avoid it; or they may have concluded that it was negligence for defendants to attempt to pass the wagon until it had turned sufficiently to make its passing reasonably possible without the risk of colliding. The jury may have further concluded that defendants' negligent operation of the car was inferable from the impatience exhibited by their motorman at the delay caused by the wagon obstructing its progress, together with the other evidence in relation to the occurrence which they credited. Which ever of the ways indicated caused the collision, negligence in the management of the car might be imputable to defendants. Negligence must be measured by that high degree of care which the law imposes upon a carrier of passengers. W. C. St. Ry. Co. v. Johnson, 180 Ill., 285.

The court state the degree of care required by law of carriers of passengers in C. & E. I. R. R. Co. v. Jennings, 190 Ill., 478, thus: "A railroad company owes to its passengers the highest practicable degree of care in transport-

ing him in the management and operation of its trains, and slight negligence is such a breach of that duty as will render it liable." Whether or not defendant was negligent was a question of fact for the jury. With the conclusions reached by them in this case we find no cause to disagree.

The language of this court quoted by the Supreme Court in Traction Co. v. Schritter, 222 Ill., 364, is peculiarly applicable to the facts of the case at bar: "It was also a question for the jury, even if it be conceded that the wagon did halt or swerve or even back a few inches, more or less, whether it was or was not negligence for the motorman not to guard against such contingencies until the wagon was at least far enough from the track to make it improbable at least that such halting or backing would endanger the passengers on the car."

Defendants argue that no case of presumptive negligence is inferable from the declaration because there is no general charge of negligence in it; that the negligence charged is not against defendants, but against their servants in charge of the car, and cite in support of such contention C. & E. I. R. R. Co. v. Driscoll, 176 Ill., 330, and Traction Co. v. Leonard, 126 Ill. App., 189, in an opinion by Mr. Justice Brown.

The substance of the charge in the declaration in the case at bar is that plaintiff was a passenger, and that defendants through their servants in charge of the car so recklessly, carelessly and negligently ran, operated and managed the car that in consequence thereof it was brought into violent collision with a wagon and plaintiff was injured.

We hold this to be in effect and by legal interpretation a general charge of negligence, and not specific. The manner or particular means by which the collision occurred are not stated, but it is attributed to the recklessness and mismanagement of the car by the servants of the defendants controlling it.

A very unconvincing argument is indulged in support of this contention, namely, that the negligence being charged against the servants of defendants did not constitute a charge

of negligence against them. If tenable at all, it is inapplicable here, for the averment is that the defendants through their servants, etc., so recklessly, carelessly and negligently ran, operated, etc., the car on which plaintiff was a passenger, that the collision occurred and plaintiff was injured. We hold this to be a direct charge in terms, and not by construction of negligence against defendants. In no event could it be otherwise. Defendants are artificial persons, and can only act through their servants and agents. Such acts are, by construction and intendment of law, attributable to the principal and become in contemplation of law the acts of the principal. The general charge of negligence found in the declaration here is not at all similar or comparable to the charge in the Driscoll case, *supra,* which was predicated upon the negligence of a servant named in the declaration, in doing or omitting to do a certain act. Under well-settled rules of pleading the proof must conform to the averment, and in the Driscoll case plaintiff was not permitted to prove that the act constituting the negligence for which defendant was claimed to be liable was done by another servant of the defendant not charged with the dereliction of duty in the pleading.

In the Leonard case, *supra,* there was no general charge of negligence against defendant, but a specific one that the injury was caused by the servants of defendant suddenly and carelessly moving and starting the car forward, causing the plaintiff's body to sway backwards toward the car door, and the defendant's servants, knowing how plaintiff was standing, carelessly, negligently and violently pulled the door of the car shut, catching plaintiff's arm between the door of the car and the facing of the door, injuring him, etc.

In N. C. St. Ry. Co. v. Cotton, 140 Ill., 486, cited in the Leonard case, *supra,* the court declared the rule fundamental that a plaintiff must recover, if at all, upon the case made by his declaration, and in applying the rule to actions for negligence a plaintiff cannot charge one species of negligence in his declaration and recover upon proof of negligence of a different character. As said in the Cotton case, that

Chicago Traction Co. v. Mee.

rule cannot be invoked, as the circumstances of the injury and the general charge of negligence against defendant in one count of the declaration make out a case of presumptive negligence.

Two juries have passed upon the measure of damages proper to be awarded, and have agreed in their estimate, and the learned trial judge put the sanction of his concurrence by rendering judgment thereon in each instance. The injuries were serious and permanent, and we are not inclined to interfere with the amount awarded.

While recognizing the rule that an injured person is bound to exercise due care and prudence in the means adopted to cure him of his injuries, and that no damage resulting from a lack of the exercise of such care can be recovered, yet we are unable to see from this record that plaintiff failed to exercise due care and prudence in the means adopted in an attempt to bring about a cure. He was a patient at St. Anthony's hospital, and had the attention of surgeons of recognized standing and training. Plaintiff had the right to be taken to the hospital of his choice, provided in so doing he was not clearly negligent. We are unable to say that he was negligent in going to St. Anthony's hospital and not going to the Cook county hospital. Neither can we say that plaintiff was in any material manner maltreated at St. Anthony's hospital.

The last contention relates to the 3rd and 5th instructions given to the jury at the instance of plaintiff. We have examined them critically and do not discover in either of them any statement which violates any legal principle. On the other hand, they are both sustainable on well-settled authority. The third instruction told the jury that it was the duty of plaintiff to employ and retain such medical attendance as ordinary prudence, etc., in his situation required, and to use reasonable care and judgment in so doing, and if the jury believed from the evidence that plaintiff did exercise such judgment and care in selecting and retaining such medical attendants, then if they found for the plaintiff they might take into consideration all his in-

juries resulting from the action charged in the declaration and shown by the evidence, even though they may have been aggravated or increased as the result of a mistake or through the negligence of such medical attendants. The error in this instruction is said to arise from an absence of evidence on the part of plaintiff that he did use ordinary care in selecting his medical attendants, etc. The record is far from sustaining this contention. The whole question was fairly before the jury; the hospital he was taken to, the medical men who attended him, all that was done for him in the way of medical treatment was detailed in the evidence. In view of the challenge in this regard by defendants it was proper that the jury should be instructed as they were by the third instruction, the weight of the proof and its probative force being for the jury to determine.

The objection to instruction five is entirely without force. It is patent that it was modeled after an instruction containing all the material ingredients of the one here criticised, and which was held to be without error in N. C. St. Ry. Co. v. Kaspers, 186 Ill., 246, in which the court said: "It directs the jury to find and determine the facts from the evidence and to apply to such facts the law as stated in the instructions. It is correct as a proposition of law."

We are somewhat at a loss to comprehend why this fifth instruction should be challenged, for it not only states the law with exactitude, but is an instruction of frequent use in the trial of common law cases. The cases of N. C. St. Ry. Co. v. Wellner, 206 Ill., 272, and C. & E. I. R. R. Co. v. Taylor, 102 Ill. App., 445, by direct reference approve a like instruction and confirm the rule therein announced in the Kaspers case.

It follows from what has already been said that we do not regard this appeal as having any merit; yet we do not agree with plaintiff, in view of the largeness of the judgment and the questions of law involved, that we are justified in characterizing this appeal as one prosecuted for the purpose of delay only, within the fair intendment of section 23,

chapter 33, R. S.    Consequently the statutory damages asked will not be awarded.

·    There being no reversible error in this record, the judgment of the Superior Court is affirmed.

*Affirmed.*