## Lafayette Upthegrove, Appellee, v. Chicago Great Western Railway Company, Appellant.

### Gen. No. 5271.

1. EVIDENCE—*when results of experiments incompetent.* If the conditions are similar when the experiment is made with those existing at the time the fact sought to be illustrated occurred, the result of such experiment is competent if it is relevant to any issue in the cause.

2. TRIAL—*when remarks of counsel ground for reversal.* If remarks of counsel are improper they are ground for reversal even though objections thereto were sustained, as the mere sustaining of an objection unaccompanied by a rebuke does not cure the harm resulting from the impropriety.

Action in case for personal injuries. Appeal from the Circuit Court of Jo Daviess county; the Hon. Oscar E. Heard, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910. Rehearing denied April 13, 1910.

D. J. Lenehan and Sheean & Sheean, for appellant.

T. J. Fitzpatrick and F. J. Campbell, for appellee.

Mr. Justice Willis delivered the opinion of the court.

Lafayette Upthegrove, appellee, head brakeman on a freight train going east on appellant's railway, was riding in the engine cab with the conductor, fireman and engineer, when just west of Fox station, Kane county, the engine came in contact with a dump car which was being used by a steel gang, servants of appellants, who were engaged in replacing a frog or switch and extending a passing track at Fox station. Just before the train reached the dump car, appellee jumped to the ground. He later brought this suit in the Circuit Court of JoDaviess county to recover damages for injuries claimed to have been thereby sustained. The declaration contained appropriate averments for the admission of the evidence offered. A plea of not guilty was filed, and on a trial Upthegrove had a verdict and judgment for $12,500 from which the railway company appeals.

The train consisted of twenty-seven loaded and thirteen empty cars, the first thirty-five cars next the engine being equipped with air brakes. The engineer had received orders at Sycamore, twenty miles west, to slow down to fourteen miles an hour at this point. The proof tends to show that the train was running twenty-five or thirty miles an hour as it approached this place and ten or twelve miles an hour when it struck the dump car.

Appellant contends that the negligence of the crew of the freight train, the conductor, engineer and appellee, caused the collision, and that as they are fellow-servants, appellee cannot recover; that the verdict is excessive and that this is due to the prejudicial remarks of counsel for appellee. Appellee claims that appellant, through the foreman of the steel gang, was negligent in failing to put out proper guards, flags or torpedoes a sufficient distance west to warn the crew of the freight train; that the engineer and conductor of the freight train were not negligent in any particular and that if they were to any extent negligent, that such negligence was but a concurring act of negligence operating with the negligence of appellant through the foreman of the steel gang, and that in either case there can be a recovery. These claims were sharply contested and as this judgment must be reversed and the cause tried by another jury, we refrain from expressing an opinion as to whether the accident was caused by the negligence of appellant through the train crew or the foreman of the steel gang, or was the result of their combined negligence.

Appellant complains of the action of the court in refusing to permit it to show the result of tests made to ascertain the distance in which a train running over this track at this point could be stopped. The rule as we understand it, is, that if the conditions are similar when the experiment is made with those existing at the time the fact sought to be illustrated occurred, the result of the experiment could have a bearing on an issue and be admissible. Elgin, Aurora & Southern Traction Co. v. Wilson, 217 Ill. 47. It was held competent in Elgin, Joliet & Eastern Railway Co. v. Reese, 70 Ill. App. 463, to show by experiments conducted under similar conditions how far a train can be seen approaching the crossing of a highway. The evidence shows that these experiments were not made with the same engine and the train did not contain either the

same number of loaded cars or the same number of empty cars, nor that the same number of cars were air equipped as the train upon which appellee was riding. These conditions were so dissimilar that we do not think the court erred in refusing to admit it.

At the close of all the evidence appellant moved the court to instruct the jury to return a verdict of not guilty, which motion was denied and the instruction refused. Thereupon one of appellee's counsel, in addressing the jury, said that the court had decided that they had made out a case the jury must decide; that the preliminaries had been decided by the court, and that the court had decided that the declaration entitled plaintiff to recover. Another of appellee's counsel, in his closing argument, said that Everall, appellant's claim agent at the time of the accident, and its assistant general attorney at the time of the trial and a witness for appellant, sat there as much as to say to the conductor that if he testified to anything against the company he would lose his job; that if the jury brought in a verdict for the railroad company, they said to the people of Illinois, that if their relative goes out and gets hurt his family can go begging from door to door under this great commonwealth of Illinois; that if the engineer and conductor who testified for appellant had been negligent they would not have worked for appellant one hour; that if any one on the steel gang had been hurt, appellant would have had forty experts there to show that the engineer and conductor were not negligent; that when you go to those railroad doctors you must have a lump on you as big as a meat axe before they can see it; that the railway company thought that because the plaintiff had domestic trouble they had a right to break his neck. To each of these statements objections were interposed and sustained and counsel were admonished by the court to confine themselves to the evidence. These statements were indefensible and calculated to prejudice the jury against appellant. The effect of such

an attack may be obviated in some cases by the action of the court, while in others it may be effective in arousing passion and prejudice notwithstanding the direction of the court. Wabash Railroad Company v. Billings, 212 Ill. 37. Here the court did not tell the jury that the remarks were improper and that they should disregard them and decide the case according to its merits and the law as given by the court. The mild ruling of the court without a severe rebuke was not calculated to allay the prejudice of the jury, and in our opinion did not. They returned a verdict of $12,500 which we think was grossly excessive in view of the injuries the evidence shows appellee sustained, and we can account for its size only on the theory that the jury were influenced by prejudice and swayed by passion, which it is only reasonable to presume were aroused and aggravated by the inflammatory and unwarranted statements of counsel, and these elements may have entered into, and probably did enter into, the finding of other facts important to the issue, if not the issue itself. The language was highly improper, used intentionally and for an improper purpose, and we are sure that counsel guilty of the impropriety expected and intended to excite the passions and prejudices of the jury to their advantage, and may not now complain nor may their client, that we credit the size of the verdict to their improper and effective appeal in argument.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*