DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1912.

---

Lafayette Upthegrove, Appellee, v. Chicago Great
Western Railroad Company, Appellant.

## Gen. No. 5474.

1. VERDICTS—*when not disturbed where two juries have con-
curred.* If two juries have upon the same evidence found the same
way the Appellate Court will not reverse solely on the ground
that from a reading of the evidence in the record, it seems to the
court that the preponderance of the evidence favors the defeated
party.

2. INSTRUCTIONS—*when as to right of recovery will not reverse.*
An instruction which authorizes a verdict for the plaintiff if he
has made out his case as alleged in his declaration will not effect
a reversal if the declaration is sufficiently full so as to cover all
the material elements necessary to be established and the other
instructions are not framed in such way that the jury were likely
to be misled.

3. TRIAL—*when interruptions and improper arguments will not
reverse.* Unnecessary interruptions and impropriety in argument
will not reverse if both counsel have been equally culpable.

Action in case for personal injuries. Appeal from the Circuit
Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge,
presiding. Heard in this court at the April term, 1911. Affirmed.
Opinion filed October 13, 1911. Rehearing denied April 11, 1912;
additional opinion filed. *Certiorari* denied by Supreme Court (mak-
ing opinion final).

(89)

SHEEAN & SHEEAN, for appellant; JOHN BARTON PAYNE, of counsel.

T. J. FITZPATRICK and F. J. CAMPBELL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Upthegrove was head brakeman on a freight train, Extra No. 272, going east on the Chicago Great Western Railroad, and was riding on the engine on September 5, 1907. The conductor and engineer had been ordered to reduce speed to fifteen miles per hour at the west switch at Fox station, but as the engine went around a curve some distance west of that switch it was flagged. The engineer failed to stop the train and further progress around the curve revealed a dump car standing on the main track with a heavy iron upon it. Upthegrove saw that a collision was inevitable and jumped from the engine. He claims that he thereby received a rotary dislocation of the atlas, and, on December 5, 1908, he began this suit against the Chicago Great Western Railway Company to recover damages therefor and had a verdict and a judgment for $12,500. We reversed that judgment and remanded the cause for a new trial in Upthegrove v. Chicago Great Western Railway Company, 154 Ill. App. 460. Thereafter the name of the defendant was changed to Chicago Great Western Railroad Company. Upon a second trial Upthegrove had a verdict and a judgment for $8,000 from which defendant below appeals.

Appellee introduced evidence tending to show that the signal flag should have been carried much farther west or the torpedoes should have been put upon the rail further west and that the engineer could not stop the train on the down grade under the circumstances then existing in time to avoid a collision; that appellee did receive a rotary dislocation of the atlas; that he has suffered great pain therefrom; that an effort to

reduce the dislocation would probably produce a pressure upon the spinal cord and result in instant death; that he is and will be unable to perform any labor; that he was forty-three years of age and earning from $80 to $100 per month at the time of the injury. This evidence, standing alone was sufficient to justify a verdict for appellee, assessing his damages at $8,000. Appellant introduced evidence tending to show that the train could readily and easily be stopped between the time the conductor saw the flag and the time the engine reached the flag, a long distance west of the dump car, if the engineer had applied emergency air, as appellant claims its rules required; that the collision was solely caused by the negligence of the engineer and of the conductor; that appellee is feigning a dislocation of the atlas which does not exist; and that if he did receive such dislocation, it could have been readily reduced by proper treatment. Upon most of these propositions appellant has an apparent preponderance of the evidence. If we were reviewing the first trial, we should be disposed to hold that the case ought to be submitted to another jury. But two juries and two trial judges have now sustained appellee's contentions, and we conclude that as appellee's evidence makes a case supporting the verdict and judgment, we ought not again to reverse a decision favorable to appellee solely on the ground that from a reading of the evidence in the record, it seems to us that the preponderance thereof favors the appellant.

At the request of appellee the court gave to the jury the following instruction:

"1. The court instructs the jury that if you believe from the preponderance of the evidence and under the instructions of the court, in this case, that the plaintiff has made out his case as laid in the amended declaration, or either count thereof, then the jury should find for the plaintiff."

Appellant contends that the giving of this instruc-

tion should reverse the judgment. The various cases wherein this instruction has been held reversible error, or not reversible error, according to the issues involved, are fully cited and discussed in Krieger v. A. E. & C. R. R. Co., 242 Ill. 544, and Cromer v. Borders Coal Co., 246 Ill. 451; in each of which cases a judgment was reversed for the giving of this instruction. It is therefore material to inquire what negligence was charged. The case was tried upon the first six counts of an amended declaration. The first count charged that appellant negligently left upon its track near Fox a dump car containing a large quantity of railroad steel, whereby the collision occurred. This count did not expressly charge that the servants of defendant who left said dump car on the track were not fellow servants with appellee, but as it had previously alleged that appellee was a brakeman on an eastbound train at that time, it is manifest that the facts alleged in the count negative the existence of any relation of fellow servant between appellee and the servants of appellant who left said dump car on the track. The second count charged that appellant negligently failed to have a flagman stationed a sufficient distance from said dump car so that the train could be stopped before colliding with the dump car and that said work in which said dump car was being used was under the charge of a steel gang, whose members were not fellow servants with appellee. The third count made the same charge as to the members of the steel gang and alleged as negligence a failure to place torpedoes upon the rails of the track or otherwise to warn the engineer so as to give him sufficient time and space in which to stop his train before colliding with the dump car. The fourth count charged that the men who were using the dump car were not fellow servants with appellee and that appellant negligently failed to give the engineer any warning that the dump car was on the track. The fifth count charged that

the servants of appellant using the dump car were not fellow servants with appellee and that appellant negligently failed to give the engineer and conductor or either of them any notice by telegraph order or otherwise that said dump car was on the track.   The sixth count likewise charged that the servants of appellant in charge of the dump car were not fellow servants of appellee and that appellant negligently failed to give notice to its servants in charge of said train, No. 272, that its track was in bad condition and unsafe upon which to run a train of cars.   It will therefore be seen that each count of the declaration charged negligence in the steel gang or in the train dispatcher, whose duty it was to give telegraphic orders.   When therefore the first instruction authorized a verdict for appellee if he had made out his case as laid in his amended declaration, it required him to prove negligence, either of the steel gang or of its foreman, in failing to send out a flag far enough or to place torpedoes on the rail far enough from the dump car to enable the engineer to stop the train after receiving that warning, or negligence in the train dispatcher who failed to give some telegraphic order which would have notified the engineer of the fact that the dump car was on the track.   If the jury found that the collision was solely caused by the negligence of the engineer or of the conductor or both, then it could not find for appellee, under the first instruction above quoted.   Appellant by its second instruction caused the jury to be told that the engineer, conductor, foreman and brakeman were fellow servants and that if this injury occurred to appellee by reason of the negligence of one of these fellow servants, then they should find appellant not guilty, unless they further found that appellant was otherwise guilty of negligence as charged in some count of the declaration and that such negligence contributed to the injury and that said negligence of appellant and of said fellow serv-

ant or servants were concurrent causes of the injury and combined were the proximate cause thereof. In view of the allegations of each count and of the second instruction given at the request of the appellant, we conclude the giving of appellee's first instruction should not be held to be reversible error. Appellant complains of the refusal of certain instructions requested by it. Appellant's second refused instruction invaded the province of the jury and would have told the jury that the evidence on a certain point was uncontradicted, whereas the evidence on that subject offered by appellee and by appellant was not at all in harmony; but in all other respects the refused instructions were clearly embodied in those that were given at appellant's request.

Appellant complains that the court erred in various rulings on the admission and rejection of evidence. We have examined the rulings complained of and do not find any reversible error therein. Appellant complains of language used by appellee's attorney in the argument of the case before the jury and of his frequent interruption of the attorney for appellant in his argument. We think that during this argument counsel for both sides were more nervous than was necessary or fitting, and that sometimes appellee's attorney interrupted appellant's attorney when he should not have done so, but appellant's attorney several times stated the evidence different from what it really was and sometimes undertook to discuss evidence which had been excluded or to state facts which he had not been permitted to prove, and this conduct necessarily led to interruptions; and we conclude that counsel for both sides were about equally responsible for the interruptions which occurred.

The judgment is therefore affirmed.

*Affirmed.*

OPINION PER CURIAM.  Appellant contends in its petition for a rehearing that the first instruction above set out was erroneous because it would permit a verdict for appellee even if his fellow servants, the engineer and conductor of his train, were guilty of negligence which contributed to his injury.  As shown in the foregoing opinion, the jury could not find for appellee under said instruction unless it found that appellee's injury was caused by the negligence of the steel gang or the train dispatcher, neither of whom could be called fellow servants of appellee under the proofs.  Appellant would be liable to appellee for the results of the negligence of the steel gang and of the train dispatcher.  If the jury had found that the negligence of appellee's fellow servants, the conductor and the engineer of the train, also contributed to the injury, that would not have authorized a verdict for appellant.  Where a servant is injured through the negligence of the master and of a fellow servant, the master cannot escape liability on the ground that the fellow servant also contributed to the injury.  Kennedy v. Swift & Co., 234 Ill. 606, and cases there cited.  Hence, the instruction was not erroneous in the respect now suggested.  The petition for a rehearing is denied.