a mile from their destination. It is not contended that the appellee did not sustain loss to the amount of the judgment. Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*

## John W. Haskins, Appellee, v. St. Louis & Springfield Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1914.    Reversed.    Opinion filed December 11, 1914.

### Statement of the Case.

Action by John W. Haskins against the St. Louis & Springfield Railway Company to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals.

The plaintiff, a passenger upon an interurban car to which was attached a trailer, stepped off the car at night in a well-lighted section of the city and could have seen the trailer if he had looked, but started to walk a short distance towards the brilliantly-lighted section of the city in the same way the car was going. He then attempted to cross the street behind the first car and was knocked down and injured by the trailer. Plaintiff claimed he had never known of a trailer being used before.

GRAHAM & GRAHAM and JOHN B. HARDAWAY, for appellant; GEORGE W. BURTON, of counsel.

W. St. J. Wines, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. Negligence, § 68*—*when plaintiff must prove due care.* The plaintiff, in order to recover for damages for personal injuries, must prove that he was in the exercise of due care at time of injury.

2. Carriers, § 329*—*when relation as passenger terminated.* One who has ridden as a passenger on an interurban car ceases to be a passenger when he has alighted from the car upon a public street, intending to pursue his further journey on foot.

3. Carriers, § 438*—*when passenger negligent after alighting.* One who had been a passenger upon an interurban train and had alighted therefrom in a city was not in the exercise of due care, but was guilty of gross negligence where it appeared that he had alighted from the train intending to cross the street behind the car; that he walked towards the brilliantly-lighted section of the city in the same direction that the car was going, and after walking a short distance attempted to cross the street between the car and a trailer and was knocked down and injured; that the street was brightly lighted and the plaintiff could have seen the trailer at the time he got off the car, if he had looked, that the train had lights on both ends; that plaintiff was under the influence of liquor, and his only excuse for not seeing the trailer was that the brilliant lights of the city dazzled him.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.