### William Feldman, Appellee, v. Chicago Railways Company et al., Appellants.

### Gen. No. 24,277.

1. CARRIERS, § 278*—*what degree of care required towards passenger.* A carrier owes the duty towards a passenger to exercise the highest degree of care to protect him from harm.

2. CARRIERS, § 306*—*what necessary to constitute person a passenger.* To constitute a person a passenger it is necessary that such person should be under the control of the carrier in order to be entitled to its care. Such passenger must be at some place provided for passengers under the control of the carrier.

3. CARRIERS, § 329*—*who is not passenger.* Where a passenger has safely alighted from a street car at a transfer point, has cleared the car on which he is riding and is off the railroad property, the relation of passenger ceases and the mere fact that he has a transfer and intends to take another car at such point does not make him a passenger.

4. STREET RAILROADS, § 64*—*what duty under not to injure one who has been passenger.* A street railroad owes the duty to one, who has been a passenger on its car, and has alighted to transfer to another car at a street intersection, to use ordinary care not to injure him, which duty the company owes to all the public alike who are not passengers.

5. NEGLIGENCE, § 142*—*when doctrine of res ipsa loquitur is not invocable.* The doctrine of *res ipsa loquitur* is not invocable where in all the counts of the declaration specific acts of negligence are charged, and in no one of them is there a charge of general negligence.

6. NEGLIGENCE, § 142*—*res ipsa loquitur defined.* *Res ipsa loquitur* means "the thing speaks for itself."

DEVER, P. J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Feldman v. Chicago Railways Co., 212 Ill. App. 482.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed November 11, 1918.

BUSBY, WEBER & MILLER, FRANKLIN B. HUSSEY and ARTHUR J. DONOVAN, for appellants; JOHN R. GUILLIAMS, of counsel.

STEIN, MAYER & STEIN, for appellee; SIGMUND W. DAVID, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $5,500 entered upon the verdict of a jury against defendants in an action on the case for personal injuries.

The plaintiff was a passenger on a car from which he alighted at Cicero avenue and Twelfth street with a transfer and an intention to take another car and thereon continue his journey. He was safely upon the ground and clear of the car from which he had alighted, the front wheels of which car had cleared a switch. While plaintiff was walking on the street and about 5 or 6 feet west of the side of the car, the rear end of the car struck him and knocked him down, injuring him. The accident is accounted for upon the theory that the wheels of the rear truck struck the switch by reason of some defect in the switch or truck, and started around the curve in the track instead of going south following the front truck.

The declaration is contained within four counts, the first of which charges only that plaintiff was a passenger. The second and third counts aver the duty of defendants to be that which a carrier owes to a passenger, and the fourth count charges defendants' duty, which they neglected, to be to keep the track and switches in good repair and condition.

There were two fatal errors committed in the trial

of this cause. It was tried upon the theory that plaintiff was a passenger at the time he was injured and that the doctrine of *res ipsa loquitur* was applicable. Defendants requested the court to instruct the jury to disregard the first, second and third counts of the declaration because they were not supported by the proofs. This the court should have done, and its failure so to do was reversible error.

It is important for this court to determine the question whether plaintiff was or was not a passenger, for the purpose of fixing the duty of defendants in the premises. If plaintiff was a passenger, then defendants owed him the duty to exercise the highest degree of care to protect him from harm. If, on the other hand, plaintiff was not a passenger, then the law cast upon defendants the duty to use ordinary care not to injure him, which duty the companies owed to all the public alike who were not passengers.

To constitute a person a passenger it is necessary that such person should be under the control of the carrier in order to be entitled to its care. Such passenger must be at some place provided for passengers under the control of the carrier, so that it may exercise the high degree of care exacted from it under the law. The mere fact that an intending passenger has a ticket and intends to take a train does not of itself and alone create the relation of carrier and passenger. *Chicago & E. I. R. Co. v. Jennings,* 190 Ill. 478; *Illinois Cent. R. Co. v. O'Keefe,* 168 Ill. 115.

This court in *West Chicago St. Ry. Co. v. Walsh,* 78 Ill. App. 595, followed *Creamer v. West End St. Ry.,* 156 Mass. 320, and held that when the plaintiff, a passenger, alighted from the car, the car having stopped at a safe place at which to alight, the relation of passenger and carrier and the carrier's duty to such passenger incident to such relationship ceased; that when the plaintiff alighted and was on the public highway the carrier had no control over and owed such

passenger no duty as a carrier. *Haskins v. St. Louis & S. Ry. Co.*, 193 Ill. App. 437.

The fact that plaintiff had a transfer and intended to pursue his journey on another car did not make him a passenger after he had safely alighted from and cleared the car on which he had been riding. Such relationship did not continue during the time he was walking upon the public highway to the car for which he had a transfer. While the plaintiff was walking upon the public highway from the car from which he alighted to the car upon which he intended to continue his journey he was not a passenger, notwithstanding the fact that if he had reached the car for which he had a transfer and had boarded it, the relation of passenger and carrier would then have been restored.

*Niles v. Boston El. Ry. Co.*, 225 Mass. 570, was a transfer case in which the passenger was injured under about the same circumstances as was the plaintiff in the case at bar. The trial judge left it to the jury to decide whether plaintiff was a passenger, and the reviewing court said:

"The plaintiff when injured was not on the defendant's premises, nor at a station or platform in use for the purpose of transferring passengers and within the control of the carrier; neither was she under its direction and within its care. She was upon a public highway where she was exposed to dangers not caused by the defendant. In passing from one car to the other she could go on either side of the car; she could choose her own way and her movements were entirely under her own guidance. While so walking on a public highway and in transferring from one car to the other, as matter of law, she was not a passenger."

These observations are particularly applicable to the condition of plaintiff in the instant case. If plaintiff had been upon the property of defendants at the time of his injury, a different rule would prevail; and, as said in case *supra*: "If the defendant was guilty of negligence, it was, of course, liable to the plaintiff; but

it cannot be held to that high degree of care required of a carrier towards its passengers.'' *Finseth v. Suburban Ry. Co.*, 32 Ore. 1; *Smith v. City Ry. Co.*, 29 Ore. 539; *Donovan v. Hartford St. Ry. Co.*, 65 Conn. 201; *Bigelow v. West End St. Ry. Co.*, 161 Mass. 393.

*Chattanooga Elec. Ry. Co. v. Boddy*, 105 Tenn. 666, was a case of a man who had alighted from a car and went around the rear end of the same to reach the sidewalk. In crossing a parallel track he was struck by another car belonging to the same company. The trial judge instructed the jury that the plaintiff was a passenger at the time of the injury, which the reviewing court in a well-considered opinion held was error, in which opinion it was said *inter alia*:

''On this question there is a conflict of authority, but we think the more reasonable view is that, where a man who has traveled on a street car steps from the car upon the street, this terminates his relation and rights as passenger, and the railway company is not responsible to him, as carrier, for the condition of the street, or for his safe passage from the car to the sidewalk. Where a common carrier has the exclusive control or occupation of its tracks and stations, and can arrange and manage them as it sees fit, it may be properly held that a person intending to take passage upon or leave a train sustains the relation of a passenger in leaving or approaching the car at a station, but 'one who steps from a street railway car to the street is not upon the premises of the railway company, but upon a public place, where he has the same rights with every other occupier, and over which the company has no control. His rights are those of a traveler upon the highway, and not of a passenger.' * * *

''If the limitation indicated in the foregoing paragraph was not adopted, it would be difficult to suggest one resting upon a satisfactory basis. Take the case at bar. If the passenger relation did not determine when the defendant safely alighted from the car, when would it end? Would it continue only while he was crossing the parallel track, or until he had reached a point of comparative safety on the far side of the

street? Or if, after reaching the ground, he had directed his steps to the other side of the street, would it have continued until he had reached the pavement? We think that the Massachusetts Supreme Court was wise in adopting the rule that this relation terminated the moment the passenger descended to the street. This is a fixed point, free from all speculation or uncertainty." *Welsh v. Spokane & I. E. R. Co.*, 91 Wash. 260, 157 Pac. 679.

We are in entire accord with the Tennessee court's reasoning.

The doctrine of *res ipsa loquitur* was erroneously applied in the trial of this case, as such doctrine was not invocable in the condition of the pleadings.

In all the counts of the declaration specific acts of negligence are charged, and in no one of them is there a charge of general negligence. The doctrine of *res ipsa loquitur* is well stated in *Midland Valley R. Co. v. Conner*, 217 Fed. 956, in the following language:

" '*Res ipsa loquitur*' means 'the thing speaks for itself.' The question is, what does it say? Does it say that from the accident it is presumed that the company has been negligent in every possible way, or does it say that the presumption is that in some way the company has been negligent? Of course, if the first is what it says, that is, the company has been negligent in every conceivable way, then the presumption is that it was negligent in the very way specifically alleged; but if the second is true, if the presumption is that in some way the company has been negligent, then there is no presumption of negligence in any particular way specified, and this is true although, where the presumption exists, the company must show that it was not negligent in any way. The rule that the evidence must correspond with the allegations is as old as the common law, and if the presumption is simply of some negligence that caused the injury, and not a negligence in all things, one who specifies the negligence can find nothing in the presumption to sustain the allegation."

In *Crawford v. Chicago Union Traction Co.*, 137 Ill. App. 163, it was held that the evidence did not tend

to prove the negligence of defendant charged in the declaration unless the doctrine of *res ipsa loquitur* was invocable, which we held it was not, and said:

"A plaintiff must prevail, if at all, upon the legal theory made by the averments of his declaration. The plaintiff below in each count of the declaration sought a recovery on specific acts of negligence charged against the defendant. No count in the declaration charges negligence generally. In this state of the pleadings the doctrine of *res ipsa loquitur* cannot be availed of upon the trial. *West Chicago St. Ry. v. Martin,* 154 Ill. 523; *Chicago & E. I. R. Co. v. Driscoll,* 176 Ill. 330; *Field v. French,* 80 Ill. App. 78; *Chicago Union Traction Co. v. Leonard,* 126 Ill. App. 189."

As in the *Crawford* case, *supra,* no count of the declaration charges negligence generally.

Plaintiff cites *Chicago Union Traction Co. v. Mee,* 136 Ill. App. 98 and *Chicago Union Traction Co. v. Berkes,* 136 Ill. App. 105, and quotes liberally from the opinions of the court. The *Mee* case, *supra,* was a passenger case, and is therefore not in point here. In the *Berkes* case, *supra,* we held that the declaration was sufficiently general in its averment of negligence to permit of the plaintiff invoking the doctrine of *res ipsa loquitur,* and the whole decision was grounded upon the fact that the declaration was sufficiently general in its averment of negligence to warrant the application of the doctrine, while the declaration in this case is insufficient for that purpose.

We hold that the plaintiff was not a passenger at the time he was injured; that no averment of the declaration or any of its counts is sufficiently general in its averments of negligence to entitle plaintiff to rest his case on the doctrine of *res ipsa loquitur;* that under the evidence the first, second and third counts should have been instructed out of the case, as requested, and that such evidence does not support the verdict under the fourth count; that the case went to the jury under the misconceived assumption that it was a passenger case,

and all of the instructions to the jury are predicated upon that assumption.

For the reasons stated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*

MR. PRESIDING JUSTICE DEVER dissents.