Lillian Bollenbach, Appellee, v. Jacob Bloomenthal and Edgar Bennecke, Trading as Bloomenthal & Bennecke, Appellants.

Gen. No. 33,419.

Opinion filed January 2, 1930.

EDWARD W. RAWLINGS, for appellants; DON C. WRAY, of counsel.

JOSEPH H. HINSHAW and WILLIAM A. HANSON, for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This is an appeal from a judgment for $8,000 entered in the superior court of Cook county in favor of the plaintiff Lillian Bollenbach and against the defend-

ants Jacob Bloomenthal and Edgar R. Bennecke, co-partners, doing business as Bloomenthal and Bennecke, based upon an action for trespass on the case brought to recover damages sustained by reason of the negligence of the defendants in and about the extraction of a tooth of the plaintiff on the 30th day of October, 1925. The cause of action was tried on the 1st, 3rd, 9th and 15th counts of the declaration.

The first count avers that the plaintiff, for a reward, hired the defendants to extract a defective tooth; that she, herself, was in the exercise of due care for her own safety; that the defendants so carelessly, negligently and unskilfully handled and managed said tooth and the instruments and apparatus in the treatment and extraction thereof, that a certain metal filling and crown of said tooth was caused to and did pass down the throat of the plaintiff and lodged in her lungs and thereby the plaintiff was injured, etc.

The third, ninth and fifteenth counts were practically the same as the first with a slight differentiation in the language used.

The fourth count charged negligence in general terms in that the defendants so negligently and carelessly performed the operation and handled the instruments in question that, as a result, the accident occurred.

No point is made on this appeal as to the amount of the damages.

From the facts, it appears that the plaintiff, Lillian Bollenbach, was a teacher in the Starrett School for girls, located in Chicago. On October 30, 1925, plaintiff was suffering from a severe toothache and called upon Dr. Honoroff, a dentist, who examined her tooth and found that it was infected. He thereupon gave her a card upon which the tooth to be extracted was indicated and sent her to the defendants. One of the defendants, Dr. Bloomenthal, agreed that the tooth should be extracted under a general anaesthetic. A

young lady assistant then put an apron on the plaintiff, the instruments were laid upon the table, a prop placed in the patient's mouth to keep it open and the anaesthetic administered. According to the defendants, a mouth pack was then inserted in the back part of the mouth to prevent air rushing in, to make the induction of the anaesthetic quicker, and to prevent foreign particles, whether of tooth or filling from passing down the windpipe tract. During the extraction, the tooth split into a number of pieces, some of which were picked up by Dr. Bloomenthal. The patient was then allowed to revive and the mouth pack and the mouth prop were taken out.

Dr. Bloomenthal testified that when he saw the roots were out, he attempted to assemble the rest of the tooth and the filling, but they were so fractured and had flown around so much, that there was no sure way of knowing whether or not there were any more unaccounted for.

Plaintiff testified that while resting on the couch, after the operation, it was hard for her to get her breath and that she felt like a person who had phlegm in his throat and she tried to cough in order to remove it. After a 15-minute rest she went home. She testified that she suffered from that time on with a persistent cough and a condition resembling asthma; that this condition continued for a considerable length of time. She was later taken to the Illinois Central Hospital for tests and, in November 1925, an X-ray disclosed the presence of a foreign body in the bronchial tube. She was directed by her physician to go to Tucson, Arizona, and was treated by a number of physicians. On January 24, 1926, during a severe coughing spell, she coughed up a portion of the tooth and the filling,—both of which were introduced in evidence and marked as an exhibit in the cause. The exhibit identified by the plaintiff consisted of a good sized amalgam filling with a piece of the tooth attached.

The case proceeded to trial upon the theory that the facts were sufficient to invoke the doctrine of *res ipsa loquitur*.

It is urgently insisted on behalf of the defendants that the facts do not bring the case within that rule; that under the averment of the declaration the doctrine of *res ipsa loquitur* is inapplicable; that even though it were applicable, the presumption raised by it is rebutted by the evidence; that the verdict is manifestly against the weight of the evidence; that the court erred in permitting counsel for the plaintiff to argue the doctrine of *res ipsa loquitur* to the jury as applicable to the case; that the court erred in giving certain instructions on behalf of the plaintiff and permitting the asking of certain hypothetical questions which invaded the province of the jury.

From the facts in the case it appears that, at the time of the operation in question, plaintiff was under an anaesthetic in the office of the defendants, entirely without consciousness, incapable of knowing or understanding what went on and without power to direct or control the manner or means employed, or safeguards taken, and without opportunity of knowing whether or not the operation had been successfully performed. These were all matters entirely within the care, knowledge and control of the defendants. The doctrine of *res ipsa loquitur* asserts that whenever a thing which produces an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant to show that the injury was not due to his want of care.

While negligence as a general rule is not to be presumed, yet under the doctrine of *res ipsa loquitur,* the injury itself may afford sufficient *prima facie* evidence

of negligence, and a presumption of such negligence may be created by the circumstances under which the injury occurred. This presumption remains until rebutted. It therefore devolved upon the defendant, under such circumstances, to overcome the presumption, and it becomes a question of fact for the jury as to whether or not the defendant has successfully accomplished this result. A court should not interpose its judgment for that of a jury under such circumstances, unless it can say that the facts are so overwhelmingly in favor of the defendant that, as a matter of law, the finding of the jury, under such circumstances, should be set aside.

We do not feel in the case at bar that we should substitute our opinion for that of the jury. We are unwilling to say that the explanation offered on behalf of the defendants was sufficient to overcome the presumption as a matter of law.

The Supreme Court of this State in the case of *Feldman v. Chicago R. Co.*, 289 Ill. 25, in its opinion says:

''The rule is that negligence is never presumed, but that the circumstances surrounding the case where the maxim of *res ipsa loquitur* applies, amount to evidence from which the facts of negligence may be found; that is, in a case within the maxim of *res ipsa loquitur,* proof of the circumstances of such case and of the injury constitutes a *prima facie* case of negligence, and will justify a verdict unless such prima facie case is overcome by proof showing that the party charged is not at fault. (*Chicago Union Traction Co. v. Giese, supra; Chicago Union Traction Co. v. Newmiller,* 215 Ill. 383; *Chicago City Railway Co. v. Rood,* 163 id. 477; *New York, Chicago and St. Louis Railroad Co. v. Blumenthal,* 160 id. 40; *Hart v. Washington Park Club,* 157 id. 9.) The burden rested upon defendants in error to overcome the presumption of negligence arising from the circumstances in this case. The record con-

tains no evidence explaining the cause of the accident or overcoming the presumption of 'negligence.''

The defendants in the case at bar undertook to show that they exercised reasonable care in the manner in which the extraction of the tooth was performed, but this evidence did not account for the manner in which, nor how, the filling and part of the tooth came to lodge in the throat of the plaintiff. The jury had a right to draw the conclusion from the facts, that the defendants had not properly provided against the happening of just such a condition. To the same effect see *Chicago City R. Co. v. Barker,* 209 Ill. 321; *Rost v. Kee & Chapell Dairy Co.,* 216 Ill. App. 497; *Johnson v. Marshall,* 241 Ill. App. 80.

A very similar situation appears to have been involved in the case of *Toy v. Mackintosh,* 222 Mass. 430. In that case the court said:

''The jury properly could not have been instructed that upon the evidence their verdict must be for the defendant. Accordingly the defendant's first request was refused rightly. The jury were not obliged to believe the expert testimony, offered by the defendant, that to allow the tooth to fall into the plaintiff's throat was consistent with due care, although such testimony was not contradicted. *Lindenbaum v. New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323. We are of opinion that the question whether the defendant was negligent in permitting the tooth to be inhaled by the plaintiff when he was in an unconscious condition was for the jury.''

It is insisted, however, that the declaration was insufficient to support a recovery based upon the doctrine of *res ipsa loquitur.* An examination of the counts of the declaration discloses, however, that they are general in their character, charging the defendants with negligently and carelessly performing the operation and failure to use due care in the extraction of the tooth. No specific act of negligence is charged.

In the case of *O'Rourke v. Marshall Field & Co.,* 307 Ill. 197, relied upon by the defendants in support of their contention, it appears that the negligence charged was specific in its character, and not a general charge of negligence.

The case of *Feldman v. Chicago R. Co.,* 212 Ill. App. 482, also cited in support of this contention, appears to have been reversed by the Supreme Court in the case already referred to, viz., *Feldman v. Chicago Railways Company,* 289 Ill. 25, and it was therein held that the charges of negligence in the declaration were sufficiently general to support a recovery on the ground contended for, namely, under the doctrine of *res ipsa loquitur.*

We are unable to say that any error was committed by the trial court in permitting counsel for plaintiff in his argument to the jury to point out the facts and to discuss the inferences that might be drawn therefrom. Counsel had the right to argue to the jury that they might draw their conclusions as to negligence from the circumstances and the facts in evidence.

It is insisted that the giving of instruction number 12, on behalf of the plaintiff, was error. This instruction has been approved in *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531, and in cases cited in that opinion. We see no force in the argument that instruction number 15; given on behalf of the plaintiff and instruction number 10, given on behalf of the defendants, are contradictory. Instruction number 15, given on behalf of plaintiff, was a correct instruction. We doubt very much whether instruction number 10, given on behalf of the defendants, should have been given. The defendants are in no position to complain, because instruction number 10 was favorable to defendants.

In the case of *Bald v. Nuernberger,* 267 Ill. 616, relied upon by the defendants, two contradictory instructions were given, but the one given on behalf of

the successful party in that trial was bad and, consequently, the argument presented that they were contradictory and in conflict, was ground for reversal. That situation does not exist in the case at bar.

The error urged as to the giving of instruction 13, on behalf of the plaintiff, is without force in that the instruction, if anything, is more favorable to the defendants than to the plaintiff. Moreover, it was an abstract instruction and could result in no harm sufficient to be considered reversible error.

An examination of the hypothetical question presented to the experts called on behalf of the plaintiff and the answers thereto, did not, in our opinion, invade the province of the jury. The facts presented by the evidence in the case were such as to create, in our opinion, a cause coming within the doctrine of *res ipsa loquitur*. Such being the case, it presented a question of fact for the consideration of the jury and placed the burden of proof on the defendants to rebut the presumption of negligence. We are unable to say, as a matter of law, that this has been done and, therefore, the judgment of the trial court should be sustained.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM, JJ., concur.